142 So.2d 254

Edmon L. RINEHART, Superintendent of Insurance,

v.

RELIANCE INSURANCE COMPANY.

3 Div. 942.

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 21, 1962.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellant.

Mead, Norman & Fitzpatrick, Birmingham, for appellee.

LAWSON, Justice.

Reliance Insurance Company, a foreign corporation, filed its complaint in the Circuit Court of Montgomery County against the Superintendent of Insurance of the State of Alabama, as authorized by § 890, Title 51, Code 1940, as amended, to recover back "premium tax" in the sum of $2634.13 which it had paid under protest for the calendar year 1958.

From a judgment in favor of the plaintiff below, the Superintendent of Insurance appealed to this court.

Under the provisions of § 816, Title 51, Code 1940, as amended, hereinafter referred to as § 816, foreign insurance companies doing business in this state must pay an

"annual premium tax," the amount of which is provided at a per centum of the premiums received for business done in this state. The manner in which that tax is to be computed and paid is spelled out in § 816 in the following language:

"* * * Any foreign insurance company beginning business in the state of Alabama after January 1 of any calendar year shall, on or before the first day of March of the year succeeding the year of its entry, remit, with its statement to the superintendent of insurance, the taxes as required by this article on business written in Alabama for the preceding calendar year or fraction thereof in which it began business as a tax for such first year or fractional year; provided, that after any such insurance company has been operating in this state for one complete calendar year, it shall compute its business done in this state during said year and upon this basis it shall pay its taxes for that and the succeeding year. Each succeeding year the tax shall be based and paid upon business done in Alabama for the preceding calendar year, it being the intent and meaning of this article that such insurance companies shall pay their premium taxes on March 1 for such current year, except that the premium taxes for the first and second year shall be paid in the manner herein specifically provided * * *."

During the calendar year 1957 and for many years prior thereto, Fire Association of Philadelphia and its wholly-owned subsidiary, Reliance Insurance Company of Philadelphia, both Pennsylvania corporations, did business in Alabama. Those two companies merged as of January 1, 1958. Under the agreement of merger, Fire Association of Philadelphia continued as the surviving corporation under the name of Reliance Insurance Company.

On or before March 1, 1958, Reliance Insurance Company made a payment of 1958 premium tax to the Superintendent of Insurance. It computed the amount of that payment only on the basis of premiums received by Fire Association of Philadelphia for business done by that company in Alabama in 1957, without giving consideration to the premiums received by Reliance Insurance of Philadelphia for business which it did in Alabama in 1957.

The Superintendent of Insurance took the position that the premiums so collected by Reliance Insurance Company of Philadelphia in 1957 should have been included in the computation of the amount of premium tax to be paid by Reliance Insurance Company in 1958 and made demand for the payment of the tax so computed.

Reliance Insurance Company complied with the demand of the Superintendent of Insurance, but protested the payment of that part of the tax computed on the premiums received by Reliance Insurance Company of Philadelphia in 1957 and then instituted this proceeding to recover back the tax paid under protest.

The question for decision is, did Reliance Insurance Company owe a 1958 premium tax based on the premiums received by Reliance Insurance Company of Philadelphia as well as on the premiums received by Fire Association of Philadelphia, whose name was changed to Reliance Insurance Company by the merger agreement?

▇ While the tax required by § 816 is referred to as an "annual premium tax," it is actually an excise or license tax imposed for the privilege of doing business in this state.

Reliance Insurance Company (Fire Association of Philadelphia) and Reliance Insurance Company of Philadelphia both had done business in this state for more than two years prior to 1958, so any tax due on or before March 1, 1958, computed on premiums received by those companies in 1957 for business done in Alabama would be payable for the privilege of doing business in this state in 1958.

With this major premise established, Reliance Insurance Company proceeds to its minor premise: Under the laws of Pennsylvania and the provisions of the merger agreement, Reliance Insurance Company of Philadelphia ceased to exist and could not do business in Alabama in 1958.

From these premises, Reliance Insurance Company concludes that the premiums received by Reliance Insurance Company of Philadelphia in 1957 cannot be made the basis of a tax under § 816 for the calendar year 1958.

For the purpose of this appeal, we will admit the correctness of appellee's minor premise and, as shown, its major premise is not in dispute.

However, we do not agree with appellee's conclusion, for we do not think that the decision in this case rests on the effect of a merger of Pennsylvania corporations. The question, as we see it, is the construction to be placed on § 816.

■ The primary purpose of statutory construction is to ascertain not only from the language which the legislature has used, but also from the reason and necessity for the act, the evil sought to be remedied, and the object and purpose sought to be obtained.

The purpose of § 816 seems clear. The legislature determined that the amount of the annual tax upon foreign insurance companies for the privilege of doing business in this state in a given year shall bear a direct relationship to the amount of business done within this state. The tax is payable in advance (except in instances not here involved) and the legislature provided that the tax would be measured by the business done by the company within this state for the preceding calendar year. This measuring stick is based upon the presumption that the premiums received by an insurance company during the preceding calendar year on contracts covering risks within Alabama will reasonably approximate the premiums which the company will receive in the subsequent year; and that the privilege tax based on such premiums would be fairly apportioned among all foreign insurance companies doing business within the state.

■ We do not think the effect of the statute, § 816, can be avoided simply by combining two corporations, both of which had been doing business in this state.

■ Reliance Insurance Company became the owner of the premiums received by Reliance Insurance Company of Philadelphia for business done in this state in 1957 and took over all of the latter's assets and assumed its liabilities. The policies of Reliance Insurance Company of Philadelphia remained in force and became the responsibility of Reliance Insurance Company. The net practical result is that Reliance Insurance Company continued to do the combined business of both Fire Association of Philadelphia (Reliance Insurance Company) and Reliance Insurance Company of Philadelphia in the state of Alabama in 1958 and it should pay the license tax for the privilege of doing business in this state in 1958 computed on premiums received by it and its constituent parts for business done in this state in 1957.

The appellee, Reliance Insurance Company, relies upon State ex rel. Smrha v. General American Life Insurance Company, 132 Neb. 520, 272 N.W. 555, saying that it "appears to be the only case in this country which answers the question before this court." That case is not directly in point, but it does tend to support the judgment of the trial court.

The case most nearly in point is Great American Insurance Company v. Commonwealth of Virginia, 197 Va. 449, 90 S.E.2d 108. It involved a merger of two New York insurance corporations and the Virginia court reached the same result as we reach in this case, although not on the same theory.

The judgment of the trial court is reversed and the cause is remanded with directions that a judgment be entered ordering the State Treasurer to disburse the funds in question as authorized by law.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.