167 So.2d 708

**Walter S. HOUSEAL, Superintendent of Insurance,**

v.

**UNION BANKERS INSURANCE COMPANY.**

**3 Div. 154.**

Supreme Court of Alabama.

Sept. 24, 1964.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

MERRILL, Justice.

Appellee filed a bill of complaint in the Circuit Court of Montgomery County under Tit. 51, § 890, Code 1940, seeking to recover $9,671.97 paid under protest as a gross premium tax paid for the year 1963 based on business done in 1962.

The basis of the suit was that appellee, Union Bankers Insurance Company, a Texas corporation, qualified to do business in Alabama since 1954, bought Jefferson Life and Casualty Company, an Alabama corporation, on May 15, 1962. As of that date, Jefferson Life and Casualty Company ceased to exist and its business assets were merged into appellee who also assumed its liabilities.

The facts as stipulated in this case show that the appellee, Union Bankers Insurance Company, is a Texas corporation which has been qualified to do business in this state since 1954. On May 15, 1962, appellee purchased Jefferson Life and Casualty Company, a domestic insurance company. Alabama imposes a different rate of premium tax on foreign insurance companies. Both taxes are due on March 1 and are based on the amount of premiums earned during the preceding calendar year. On March 1, 1963, Union Bankers paid the tax imposed by Tit. 51, § 816 (foreign company tax) on all premiums received by it (as successor to Jefferson Life and Casualty Company) for business done in the State of Alabama from May 15, 1962 to December 31, 1962. It also paid the foreign company tax due on all premiums received by it (independently of Jefferson Life and Casualty Company) for the entire year 1962. On April 26, 1963, Union Bankers paid the domestic company tax required by Tit. 51, § 819, on the premiums received by Jefferson Life and Casualty Company between January 1, 1962 and May 15, 1962. Subsequently, the Superintendent of Insurance assessed a tax deficiency against the appellee in the amount of $9,671.97, claiming that Union Bankers Insurance Company should pay the tax imposed by Tit. 51, § 816 (foreign company tax) on the premiums received by Jefferson Life & Casualty Company between January 1, 1962 and May 15, 1962. This sum was paid under protest and this suit was timely filed as provided by law. The court below found that the tax was illegally assessed and ordered its refund to the appellee.

The State contends that the tax on all business done by the foreign corporation and the domestic corporation is to be computed under § 816 at the foreign corporation rate. Appellee contends that it should pay only on its own business at the foreign corporation rate, and pay the domestic rate on the premiums collected by Jefferson Life and Casualty Company.

The pertinent part of Tit. 51, § 816, reads:.

"(a) Every foreign * * * insurance company shall pay * * * an annual premium tax of three per cent (3%) of * * * premiums received by such foreign insurance company for

business done in this state, * * * during the year ending the thirty-first of December preceding. * * *"

Our court has not had this particular question before. In Rinehart v. Reliance Ins. Co., 273 Ala. 535, 142 So.2d 254, we held that where one foreign corporation merged with another foreign insurance company and took over its business, assets and liabilities, the tax was computed on the business both companies had done in the preceding year. We said:

"The primary purpose of statutory construction is to ascertain not only from the language which the legislature has used, but also from the reason and necessity for the act, the evil sought to be remedied, and the object and purpose sought to be obtained.

"The purpose of § 816 seems clear. The legislature determined that the amount of the annual tax upon foreign insurance companies for the privilege of doing business in this state in a given year shall bear a direct relationship to the amount of business done within this state. The tax is payable in advance (except in instances not here involved) and the legislature provided that the tax would be measured by the business done by the company within this state for the preceding calendar year. This measuring stick is based upon the presumption that the premiums received by an insurance company during the preceding calendar year on contracts covering risks within Alabama will reasonably approximate the premiums which the company will receive in the subsequent year; and that the privilege tax based on such premiums would be fairly apportioned among all foreign insurance companies doing business within the state.

"We do not think the effect of the statute, § 816, can be avoided simply by combining two corporations, both of

which had been doing business in this state."

Although not cited in the Reliance case, the same result was reached by the Supreme Court of Illinois in Pacific Mut. Life Ins. Co. v. Martin, 369 Ill. 158, 15 N.E.2d 847 (1938).

The only difference between the Reliance case and the instant case is that here the merged corporation was a domestic corporation and it paid a lower rate on its premiums. Appellee argues that the tax was on premiums "received by foreign insurance companies" and any premiums received by a domestic insurance company could not be used to compute the tax. We cannot agree.

The 1963 tax was payable in advance. Since the merger took place in 1962, only one insurance company, Union Bankers Insurance Company, was in existence in 1963 when the 1963 tax year began. We therefore conclude that the tax was properly computed on the total premiums of the surviving company, irrespective of whether its 1962 merger made it successor to another foreign corporation or to a domestic corporation. A similar result was reached in Central State Life Ins. Co. v. State, 190 Ark. 605, 80 S.W.2d 628.

This view and the construction of the legislative intention is supported by the provisions of Tit. 10, § 21(72), Code 1940, as amended, which reads:

"Rights of creditors and all liens upon the property of any corporations consolidating or merging pursuant to the authority of section 21(65) or section 21(67) of this title shall be preserved unimpaired; and all debts, liabilities and duties of each of said consolidating or merging corporations shall thenceforth attach to the corporation resulting from or surviving such consolidation or merger and may be enforced against it to the same ex-

tent as if said debts, liabilities, and duties had been incurred or contracted by it."

Appellee insists that we should follow the holding in another Illinois case, Commercial Life Ins. Co. of Missouri v. Barrett, 3 Ill.2d 505, 121 N.E.2d 764. There, the foreign insurance company purchased the assets of a domestic (Illinois) company. But the foreign corporation had never done any business in Illinois. The purchase became effective December 31, 1952. The merged domestic corporation owed no tax because it had already been paid in advance. Since the new foreign corporation had done no business in Illinois during 1952, it contended that it should pay only $25 per month, as provided by the Illinois statute, until the beginning of the new tax year, July 1, 1953; and the court agreed. But three times in its opinion, the court states that the new foreign corporation did no business in Illinois in 1952, and the opinion concludes with the fourth reference to the same fact as follows: "If the statutory provisions do not adequately cover the situation where a foreign insurance company has received no direct premium income during the calendar year of its admission or subsequent thereto, the remedy does not lie here."

Here, the situation is different. Union Bankers Insurance Company has been doing business in Alabama since 1954, and it owed a premium tax on business done in 1962 in this state. Under these conditions, we think the same rule should be applied as we used in Rinehart v. Reliance Ins. Co., 273 Ala. 535, 142 So.2d 254.

It follows that the judgment of the trial court is reversed and the cause is remanded with directions that a judgment be entered ordering the State Treasurer to disburse the funds in question as authorized by law. Tit. 51, § 891, Code 1940.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.