294 So.2d 153

**BIRMINGHAM TRUST NATIONAL BANK, etc.**

v.

**STATE of Alabama.**

**SC 499.**

Supreme Court of Alabama.

May 2, 1974.

Robert G. Johnson and Frank M. Young, III, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen.; Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for the State of Alabama.

JONES, Justice.

This is an appeal from the Circuit Court of Montgomery County wherein a final decree was rendered denying appellant—Birmingham Trust National Bank—relief from payment of 1969 excise taxes alleged to be due to the appellee—the State of Alabama.

The facts are complex, but crucial, to an understanding of the issue involved. Appellant was organized as a national banking association on October 15, 1968, under

the name Alabama National Bank (New Bank). Subsequently, on December 31, 1968, New Bank acquired all capital assets of Birmingham Trust National Bank [1] (Old Bank) by merger, and thereafter, as the surviving banking association, New Bank changed its name to Birmingham Trust National Bank.

Old Bank has 1800 stockholders; New Bank has six stockholders, five of whom were stockholders of Old Bank. The sixth stockholder is Birmingham Trust Corporation, a Delaware corporation, which was organized for the purpose of holding the stock of the remaining 1794 stockholders of Old Bank.

On March 17, 1969, New Bank, claiming the Old Bank was no longer in business, filed with appellee a corporate income tax return with respect to the income of Old Bank for the calendar year 1968, as required by section 399.125 of the Alabama Income Tax Regulations. The Department of Revenue entered an assessment for Financial Institution Excise Tax against New Bank for 1969 based on the income of Old Bank for 1968. The deficiency assessment was for $82,445.87, an amount derived from figures submitted by New Bank on the income tax return filed. The assessed sum was paid on August 5, 1969, and a petition for refund was filed on June 9, 1970. New Bank, on April 13, 1970, filed a Financial Institution Excise Tax return for 1970 showing a tax due of $133,840.46. Since the petition for refund for the prior year had not been acted upon, credit was given for this $82,445.87, and the New Bank paid to the Department of Revenue the difference of $51,395.59. On May 14, 1971, New Bank filed notice of appeal from the aforesaid assessment as required by Title 51, § 140, Code of Alabama 1940, as amended, contesting the final assessment of the excise tax made by the Department of Revenue for the year 1969.

New Bank asserts that it owes no excise tax for 1969 as it was not open for business in 1968 and had no income for that year. It further asserts that since Old Bank ceased to exist on December 31, 1968, it has no tax liability for doing business in 1969. Based on this theory, New Bank claims that there is no standard upon which the excise tax for the year 1969 can be assessed.

The State contends, however, that New Bank is merely a continuation of Old Bank, and thus Old Bank's income for 1968 is the proper measure for New Bank's 1969 excise tax.

The issue before us can be simply stated: Should we recognize a right to accomplish a merger in the context here applicable without tax consequences under Title 51, §§ 425–431, Code of Alabama 1940, as amended? The trial Court answered this inquiry in the negative. We agree and affirm.

It is well-settled that the merger of two corporations does not end the existence of either, rather the existence of both continues under the merged status. See, e. g., First National Bank of Birmingham v. Adams, 281 Ala. 404, 203 So.2d 124 (1967); Great American Insurance Company v. Commonwealth, 197 Va. 449, 90 S.E.2d 108 (1955). A company organized to take over the assets of an old company, the former being in reality a continuation of the latter, is liable just the same as the old company would have been had it alone continued to do business. See 15W, Fletcher, Cyclopedia Corporations, §§ 7327 and 7344 (perm. ed. rev. repl., 1973). As the facts reveal, and as aptly stated by one of the justices in the colloquy during oral argument, "the New Bank was in fact the

---

1. The Birmingham Trust National Bank was incorporated in 1887 as Birmingham Trust and Savings Company. It commenced operations as a national bank in 1949 under the name Birmingham Trust National Bank and continued until it was merged into appellant on December 31, 1968.

same business, at the same stand, with the same folks since 1897!"

■ While the appellant concedes liability for debts of the Old Bank, it contends that these debts do not include liability for the 1969 excise tax measured by the 1968 income of Old Bank. Title 51, §§ 425–431, Code of Alabama 1940, as amended, authorizes an annual excise tax on national banks for the privilege of doing business in the state in one calendar year based upon the net income of the financial institution for the preceding year. Are we to afford the appellant the privilege of doing business in 1969 without tax consequences [2] merely because in form it did not exist in 1968, though its constitutent—the Old Bank—did?

In First National Bank v. Adams, 281 Ala. 404, 410, 203 So.2d 124, 130 (1967), it was stated:

". . . while the constituent corporation may no longer survive for some purposes, the rights and privileges which it enjoyed under the statutes of Alabama survive the merger and inhere in the surviving corporation following the merger."

Since, in substance, Old Bank's privilege of earning profits in 1968 under Alabama law survived the merger, it follows that the State is justified in using the 1968 net income of Old Bank as a basis for measuring the excise tax of New Bank's 1969 operations.

This Court's foresight in construing tax statutes in light of corporate mergers is well illustrated in Rinehart v. Reliance Insurance Company, 273 Ala. 535, 142 So.2d 254 (1962). In a situation here analogous, Reliance Insurance Company merged with Fire Association of Philadelphia whereby the latter was said to have continued under the name of Reliance Insurance Company, while the former was alleged to have ceased to exist for the purpose of an annual premium tax. This tax, the equivalent of an excise tax, was to be assessed in a current year measured by premiums received in the previous year. New Reliance claimed that because Old Reliance ceased to exist, the latter's premiums could not be the basis for taxing the former in the year following the merger.

The Court, however, concluding that the effect of the statute could not be avoided simply by combining the two corporations, held that the fact that all policies and other assets continued in the new corporation served as grounds for applying the tax. The Court reasoned:

"The primary purpose of statutory construction is to ascertain not only from the language which the legislature has used, but also from the reason and necessity for the act, the evil sought to be remedied, and the object and purpose sought to be obtained."

In effectuating the purpose of the excise tax in the instant case, we hold that the Old Bank did in fact continue to exist in the form of the New Bank; and that, for the latter's privilege of doing business in 1969, the State was justified in applying the Old Bank's 1968 net income for the purpose of fixing the amount of excise tax due.

We therefore affirm.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.

2. Prior to December, 1969, the state could only tax national banks in one of four alternative ways under 12 U.S.C. § 548. Alabama adopted alternative "(4) according to or measured by net income . . . ."