This is an appeal from a decision of the Circuit Court of Montgomery County upholding the denial of a foreign franchise tax credit by the Department of Revenue of the State of Alabama against International Paper Company (IPCO).
The facts are not in dispute and are as follows: In March 1986 Hammermill Paper Company, a Pennsylvania corporation (Hammermill Penn), qualified for an investment tax credit allowed under Ala. Code 1975, § 40-14-41(d)(2)d. This is a tax credit for foreign corporations doing business in this state and was designed to promote investment in counties where the unemployment rate was higher than the national average. To receive the qualified credit, Hammermill Penn invested $107 million in Dallas County and met all the requirements set forth in § 40-14-41(d)(2)d, including the signing of a contract or memorandum of agreement with the state. The memorandum provided the following pertinent provision:
 "6. The terms of this Agreement may not be amended or altered, nor may the rights of a TAXPAYER hereunder be assigned or otherwise transferred, without the written consent of the STATE."
The memorandum further provided that Hammermill Penn's right to the deduction shall not be revoked "unless [Hammermill Penn] fails to comply with the terms of this agreement, in which case [the deduction] shall immediately cease and terminate."
Effective August 1987, Hammermill Penn merged into H.P. Subsidiary, Inc., a Delaware corporation. The articles of merger provided that the surviving corporation would be called Hammermill Paper Company. Effective January 1989, Hammermill Paper Company merged into International Paper Company (IPCO). At the time of the merger, IPCO owned all the outstanding shares of the capital stock of Hammermill Paper Company. The merged corporation became International Paper Company (IPCO).
The § 40-14-41(d)(2)d credit was allowed, without objection by the Department, each year through 1989. In 1990 IPCO inadvertently omitted it from its return, and then sought to amend its return in order to obtain the benefit of the credit. The Department disallowed the benefit on the basis that the certificate was not issued to IPCO and that Hammermill Penn assigned and transferred the credit to IPCO without having obtained the written consent of the state.
IPCO appealed the denial to the Administrative Law Division. Following a hearing, the administrative law judge determined that the denial was proper. IPCO appealed the matter to the Circuit Court of Montgomery County. The circuit court affirmed the denial of the credit. IPCO appeals.
The dispositive issue is one of law — specifically, whether the right to the credit was "assigned or otherwise transferred" when Hammermill Penn merged with H.P. Subsidiary, Inc., in 1987 and, if so, did the transfer violate paragraph 6 of the memorandum agreement.
IPCO contends that the merger was not an assignment or a transfer of the rights provided for in § 40-14-41(d)(2)d. It suggests that the credit in this case is a right and that under the merger statutes, a right simply continues to exist in the surviving corporation and is not to be considered a transfer or an assignment.
The Department contends that at the time of the merger, Hammermill Penn ceased to *Page 279 
exist. Its rights, including the right to the credit, passed to the surviving corporation by operation of law. It asserts that this passage of rights was a "transfer" and violated the nonassignment clause found in the memorandum agreement.
In authorizing corporate mergers, the Alabama legislature has provided that "[w]hen such merger has been effected . . . [s]uch surviving . . . corporation shall thereupon and thereafter possess all the rights, privileges, immunities and franchises, of a public as well as a private nature, of each of the merging . . . corporations."
In construing the merger statutes, our supreme court has stated:
 "[W]hile the constituent corporation may no longer survive for some purposes, the rights and privileges which it enjoyed under the statutes of Alabama survive the merger and inhere in the surviving corporation following merger."
First National Bank v. Adams, 281 Ala. 404, 203 So.2d 124
(1967). Deliberating on the same issue, the supreme court subsequently stated: "It is well-settled that the merger of two corporations does not end the existence of either, rather the existence of both continues under the merged status."Birmingham Trust National Bank v. State, 292 Ala. 335,294 So.2d 153 (1974).
We find the most illuminating case on this subject to be one in which IPCO was previously involved. In International PaperCo. v. Curry, 243 Ala. 228, 9 So.2d 8 (1942), the supreme court considered the effect of a merger on the payment of this state's franchise tax.
Southern Kraft, a foreign corporation which owned assets in this state and had been doing business here, merged into its foreign parent, IPCO, which theretofore owned nothing in Alabama. Southern Kraft paid its franchise tax in 1941 based on its assets in Alabama as of January 1, 1941, as required by statute. Later in 1941, IPCO qualified to do business in this state. Soon thereafter, the merger occurred. The Department sought to apply the franchise tax against the surviving corporation, IPCO, on the basis of the 1940 Alabama capital owned by Southern Kraft. This was not allowed. The supreme court said that following the merger, Southern Kraft "live[d] as a component part of the surviving corporation." The court explained:
 "To deny to International Paper Company the rights, franchises and privileges to which Southern Kraft was entitled at the time of the merger is in effect a denial of such rights, franchises and privileges to Southern Kraft Corporation itself, notwithstanding that Southern Kraft has paid its franchise tax."
Although the cases above were decided before the adoption of the current Alabama Business Corporation Act in 1980, they are still good law. Section 10-2A-145 of the current act and section 11.06 of the revised act provide for the same result. These newer statutes explicitly state that the surviving corporation of a merger is vested with all the "rights, privileges, immunities, and franchises" of the constituent corporation. § 10-2A-145(b)(4), Code 1975; Rev.Ala.Bus.Corp. Act § 11.06 (1994).
Applying statutory and case law to the facts of this case, we find that the merger did not constitute a "transfer" or an "assignment." We find those terms to be inappropriate descriptions of the effect of a merger. The passage of rights from Hammermill Penn to Hammermill Paper Company and subsequently to IPCO was statutory and, therefore, by operation of law.
The possibility of merger is easily foreseeable. The state, fearing the repercussions of a merger, could have obtained the desired protection by inserting express language which would have included the merger transaction. Such nonassignment clauses have been upheld in the context of statutory mergers.See, e.g., Pacific First Bank v. New Morgan Park Corp., 319 Or. 342, 876 P.2d 761 (1994); Citizens Bank Trust Co. of Marylandv. Barlow Corp., 295 Md. 472, 456 A.2d 1283 (1983). We do not interpret the term "otherwise transfer" to include a merger or a transfer by operation of law.
The purpose of § 40-14-41(d)(2)d was to increase jobs in Alabama counties in which the unemployment rate was above the national average. This statute was created to *Page 280 
induce foreign corporations to invest heavily in certain economically depressed counties of Alabama during 1985-1990. The objective of this statute could not merely have been to bring temporary jobs to these counties, but also to continue, if not increase, these employment opportunities. Hammermill Penn invested $107 million in Dallas County in order to qualify for the credit. It is uncontroverted that IPCO subsequently took over all Hammermill Paper Company's assets and assumed its liabilities, as well as its work force. The objective of the statute would clearly be thwarted if IPCO is denied the right of its predecessor's statutory credit.
The judgment of the circuit court is reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.