The appellant, Charles Jeffery Whatley, was convicted of driving under the influence of alcohol (DUI), a violation of § 32-5A-191, Code of Alabama 1975. He was sentenced to 60 day's imprisonment, which sentence was suspended and he was placed on 12 months' probation.
The appellant's only contention on appeal is that the trial court erred by denying his motion to dismiss and his motion for a *Page 1379 
judgment of acquittal because, he asserts, Alabama's DUI law pertaining to "vehicles" was effectively repealed by the "Alabama Boating Safety Reform Act of 1994," Ala. Acts 1994, Act No. 94-652 ("the Act"). Section 2 of that act, which deals with operation of a vessel while under the influence of alcohol or under the influence of a controlled substance is codified at § 32-5A-191.3, Code of Alabama 1975. He contends that the law in Alabama relating to driving under the influence pertains only to "vessels" and not to "vehicles," and thus, he argues, he was convicted of a crime that no longer exists.
Section 32-1-1.1(81), Code of Alabama 1975, defines "vehicle" as follows:
 "(81) VEHICLE. Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks; provided, that for the purposes of this title, a bicycle or a ridden animal shall be deemed a vehicle, except those provisions of this title, which by their very nature can have no application."
Section 33-5-3(1), Code of Alabama 1975, defines "vessel" as follows:
 "(1) VESSEL. Every description of watercraft, other than a seaplane, capable of being used as a means of transportation on the water, but such term shall not include vessels 12 feet in length or less when used solely on farm ponds less than 50 acres in size."
In support of his contention, the appellant cites sections 2 and 36 of the Act:
Section 2 states:
 "Section 2. Section 32-5A-191, Code of Alabama 1975, as last amended, is amended to read as follows:
" '32-5A-191.
 " '(a) A person shall not drive or be in actual physical control of any vehicle or vessel, or manipulate any water skis, aquaplane, or any other marine transportation device on the waters of this state, as the waters are defined in Section 33-5-3, Code of Alabama 1975, while:
 " '(1) There is 0.10 percent or more by weight of alcohol in the blood.
" '(2) Under the influence of alcohol.
 " '(3) Under the influence of a controlled substance to a degree which renders the person incapable of safely driving.
 " '(4) Under the combined influence of alcohol and a controlled substance to a degree which renders the person incapable of safely driving.
 " '(5) Under the influence of any substance which impairs the mental or physical faculties of the person to a degree which renders the person incapable of safely driving.
 " '(b) In the case of a vessel or other marine device described in subsection (a) of this section, only where the law enforcement officer of the Department of Conservation and Natural Resources has prior to stopping a vessel probable cause to believe that the operator of the vessel is driving under the influence of alcohol or under the influence of a controlled substance in violation of this section, the law enforcement officer is authorized to administer and may test the operator, at the scene, by using a field breathalyzer or other approved device, as a screening device, to determine if the operator may be operating a vessel or device in violation of subsection (a) of this section. Refusal to submit to a field breathalyzer test or other approved testing device shall result in the same punishment as provided in Section 32-5A-192(c) for operators of motor vehicles on the state highways. No field breathalyzer test shall be administered where the operator is stopped for violations other than for Section 32-5A-191.
 " '(c) The fact that any person charged with violating this section is or has been legally entitled to use alcohol or a controlled substance shall not constitute a defense against any charge of violating this section.
 " '(d) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than two hundred fifty dollars ($250) nor more than one thousand dollars *Page 1380 
($1,000), or by both fine and imprisonment. In addition, on a first conviction, the director of public safety, in the case of a motor vehicle or the Commissioner of Conservation and Natural Resources in the case of a vessel or other device described herein, shall suspend the vessel operating privilege or driver's license or boater safety certification of the person so convicted for a period of 90 days. First time offenders convicted of driving or operating a vessel while under the influence of alcohol shall also be required to complete a DUI court referral program approved by the state administrative office of courts. Neither reckless driving, reckless or careless operation of a vessel, nor any other traffic or boating or water safety infraction is a lesser included offense under a charge of driving a motor vehicle or operating a vessel while under the influence of alcohol or controlled substances.
 " '(e) On a second conviction within a five-year period, the person convicted of violating this section shall be punished by a fine of not less than five hundred dollars ($500) nor more than two thousand five hundred dollars ($2,500) and by imprisonment, which may include hard labor in the county or municipal jail for not more than one year. The sentence shall include a mandatory sentence which is not subject to suspension or probation of imprisonment in the county or municipal jail for not less than 48 consecutive hours or community service for not less than 20 days. In addition the director of public safety, in the case of a motor vehicle or the Commission of Conservation and Natural Resources in the case of a vessel or other marine device described, shall revoke the driving or vessel operating privileges or driver's license or boater safety certification of the person so convicted for a period of one year.
 " '(f) On a third or subsequent conviction within a five-year period, the person convicted of violating this section shall be punished by a fine of not less than one thousand dollars ($1,000) nor more than five thousand dollars ($5,000) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and which cannot be probated or suspended. In addition, the director of public safety, in the case of motor vehicle or the Commissioner of Conservation and Natural Resources in the case of a vessel or other marine device described, shall revoke the driving or vessel operating privilege or driver's license or boater safety certification of the person so convicted for a period of three years.
 " '(g) Except as otherwise provided in this act, all fines collected for violation of this section resulting from arrests by state officers shall be paid into the state general fund; and except as otherwise provided, all fines so collected for violations resulting from arrests by county or municipal officers shall be disbursed as otherwise provided for by law. All fines collected for violation of this section as to vessels or other marine devices on the waters of this state shall be paid into the State Water Safety Fund.
 " '(h) A person who has been arrested for violating this section shall not be released from jail under bond or otherwise, until there is less than the same percent by weight of alcohol in the person's blood as specified in subsection (a)(1).
 " '(i) "Vessel," for the purposes of this section, shall mean any vessel as defined in Section 33-5-3, Code of Alabama 1975, operated on the waters of this state, as defined in Section 33-5-3, Code of Alabama 1975.
 " '(j) Notwithstanding anything to the contrary, all penalties and convictions provided by this section, including, but not limited to, all suspensions and revocations, shall separately, rather than cumulatively or jointly, apply to violations of this section relating to (a) the operation of motor vehicles, and (b) the operation of vessels and other marine devices. No provision of this subsection (j) shall be construed to assess points for DUI convictions under motor vehicle convictions for driving under the influence.' "
(Emphasis added.)
Section 36 of the Act states: *Page 1381 
 "Section 36. All other laws in conflict with this act are hereby repealed to the extent of their conflict with this act and Section 33-5-24, Code of Alabama 1975, are specifically repealed."
(Emphasis added.)
The appellate courts of this state have repeatedly stated the basic rule of statutory construction.
 "The Alabama Supreme Court, in Shelton v. Wright, 439 So.2d 55, 57 (Ala. 1983), stated:
 " 'The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, see e.g., Gundy v. Ozier, 409 So.2d 764, 765, 766 (Ala. 1981), which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained. See Rinehart v. Reliance Ins. Co., 273 Ala. 535, 538, 142 So.2d 254, 256
(1962).' "
Gullett v. State, 613 So.2d 400, 401 (Ala.Cr.App. 1992). "Although penal statutes are to be strictly construed, courts are not required to abandon common sense." Musgrove v. State,519 So.2d 565, 582 (Ala.Cr.App.), aff'd, 519 So.2d 586
(Ala. 1986), cert. denied, 486 U.S. 1036, 108 S.Ct. 2024,100 L.Ed.2d 611 (Ala. 1988). "Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning." Musgrove, 519 So.2d at 583.
Initially, we note that the intent of the legislature with respect to amending Alabama's DUI statute is stated in the synopsis of the Act. The synopsis states, in relevant part, the following purposes:
 "To establish the 'Alabama Boating Safety Reform Act of 1994'; to amend Section 32-5A-191, Code of Alabama 1975, to prohibit the operation of a vessel and certain other marine devices while under the influence of alcohol or controlled substances, and to provide for certain fines and penalties, parallel to the fines, penalties, and punishment for operating a motor vehicle on the public highways under the influence; to provide for powers of arrest without warrant of certain persons at the scene of boating accidents; to amend Section 32-5A-192, Code of Alabama 1975, to provide for the crime of homicide by vessel. . . ."
The Act amends — it does not repeal — § 32-5A-191. " 'Repeal'
of a law means its complete abrogation by the enactment of a subsequent statute, whereas the 'amendment' of a statute means an alteration in the law already existing, leaving some part of the original still standing." Black's Law Dictionary 1299 (6th ed. 1990). An "implied repeal" can occur only when the subsequent statute "contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two statutes can stand in force." Black's Law Dictionary
1299 (6th ed. 1990).
The Act repeatedly refers to vehicles and traffic laws. If the legislature had intended to repeal § 32-5A-191 as that section pertains to vehicles, it could have done so explicitly as it did with § 33-5-24, Code of Alabama 1975.[1] Also, had that been the intent of the legislature, it would have eliminated any reference to vehicles in the amendment.
Furthermore, the publishers of the Code of Alabama 1975 codified Section 2 of the Act so as to give effect to the intent of the legislature. Section 2 is codified at §32-5A-191.3, Code of Alabama 1975. The wording of § 32-5A-191, Code of Alabama 1975, was left intact; § 32-5A-191.3 applies to driving vessels under the influence of alcohol or under the influence of a controlled substance. The "Code Commissioner's note" to § 32-5A-191 explains:
 "Section 32-5A-191 was amended by both Acts 94-590 and 94-652. Act 94-590 amended the section to make a fourth and subsequent conviction within a five-year period for operating vehicle under the influence a felony, effective August 20, 1994. Act 94-652 amended the section to include within the existing penalty provisions for operating a vehicle under the influence *Page 1382 operating a vessel under the influence, but did not address the penalty for a fourth and subsequent conviction. That change was effective on April 28, 1994. There is no substantive conflict between the two acts and no indication of any legislative intent to either undo the changes made by Act 94-590 in the enactment of Act 94-652 or make the changes applicable to a fourth or subsequent conviction for operating a vessel under the influence. To give full effect to both Acts, and the apparent intent of the Legislature, the amendments to Section 32-5A-191 made by Act 94-652 have been codified as a new Section 32-5A-191.3, relating only to penalties for operating a vessel under the influence. Those penalties would be the same as those in effect for operating a vehicle under the influence prior to the enactment of Act 94-652, without the changes made by Act 94-590 that became effective August 20, 1994, after the enactment of Act 94-652. The amendments to Section 32-5A-191 made by Act 94-590 have been incorporated into that section as set forth above and are applicable only to operating a vehicle under the influence.
 "Additionally, in subsection (b), the citation to subsection (c) of Section 32-5-192 is substituted for Section 32-5A-192(c) as it appears in the act to reflect the code section in which punishment for refusal to submit to a field breathalyzer test or other approved testing device for operators of motor vehicles on the state highways is located."
(Emphasis added.)
Looking at the Act as a whole, we hold that the legislature intended by its enactment to amend § 32-5A-191, Code of Alabama 1975, to include vessels in order "to provide for certain fines and penalties, parallel to the fines, penalties, and punishmentfor operating a motor vehicle on the public highways under theinfluence." The amendment effected by the act is not "so contrary or irreconcilable" with the original version of §32-5A-191 so as to repeal that section as it applies to vehicles. Section 32-5A-191 remains in full force as originally applied to vehicles; it now applies as well to vessels.
For the foregoing reasons, the judgment in this case is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] The former statute that prohibited operating a vessel or marine device in a reckless or negligent manner or while under the influence of alcohol or a controlled substance. The Act treats this issue more comprehensively and provides stronger penalties.