TAYLOR, Presiding Judge.
The appellant, Willie B. Floyd, pleaded guilty to driving under the influence of alcohol, a Class C felony because this was his fourth or subsequent conviction for driving under the influence within a five-year period. See § 32-5A-191(f), Code of Alabama 1975. He was sentenced to three years in prison. He also pleaded guilty to driving while his license was revoked, a violation of § 32-6-19, Code of Alabama 1975, and was sentenced to six months in jail to be served concurrently with his sentence for driving under the influence.[1]
The appellant’s only contention on appeal is that the trial court erred in denying his motion to dismiss the indictment because, he argues, § 32-5A-191(f) was effectively repealed by the Boating Safety Reform Act of 1994. He contends that he was therefore charged with, and convicted of, an offense that no longer exists in Alabama. The appellant reserved his right to raise this issue on appeal.
This court has recently addressed this issue in the cases of Whatley v. Town of Priceville, 672 So.2d 1378 (Ala.Cr.App.1995); Daugherty v. Town of Silverhill, 672 So.2d 813 (Ala.Cr.App.1995); and Hodges v. State, *834 672 So.2d 816 (Ala.Cr.App.1995). In each case this court held that the Boating Safety Reform Act did not repeal § 32-5A-191, Alabama’s driving under the influence (DUI) laws.
This court in Whatley stated:
“Initially, we note that the intent of the legislature with respect to amending Alabama’s DUI statute is stated in the synopsis of the Act. The synopsis states, in relevant part, the following purposes:
‘“To establish the “Alabama Boating Safety Reform Act of 1994”; to amend Section 32-5A-191, Code of Alabama 1975, to prohibit the operation of a vessel and certain other marine devices while under the influence of alcohol or controlled substances, and to provide for certain fines and penalties, parallel to the fines, penalties, and punishment for operating a motor vehicle on the public highways under the influence; to provide for powers of arrest without warrant of certain persons at the scene of boating accidents; to amend Section 32-5A-192, Code of Alabama 1975, to provide for the crime of homicide by ves-sel_’
“The Act amends — it does not repeal— § 32-5A-191. ‘ “Repeal ” of a law means its complete abrogation by the enactment of a subsequent statute, whereas the “amendment” of a statute means an alteration in the law already existing, leaving some part of the original still standing.’ Black’s Law Dictionary 1299 (6th ed. 1990). An ‘implied repeal’ can occur only when the subsequent statute ‘contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two statutes can stand in force.’ Black’s Law Dictionary 1299 (6th ed. 1990).
“The Act repeatedly refers to vehicles and traffic laws. If the legislature had intended to repeal § 32-5A-191 as that section pertains to vehicles, it could have done so explicitly as it did with § 33-5-24, Code of Alabama 1975. Also, had that been the intent of the legislature, it would have eliminated any reference to vehicles in the amendment.
“Furthermore, the publishers of the Code of Alabama 1975 codified Section 2 of the Act so as to give effect to the intent of the legislature. Section 2 is codified at § 32-5A-191.3, Code of Alabama 1975. The wording of § 32-5A-191, Code of Alabama 1975, was left intact; § 32-5A-191.3 applies to driving vessels under the influence of alcohol or under the influence of a controlled substance. The ‘Code Commissioner’s note’ to § 32-5A-191 explains:
“ ‘Section 32-5A-191 was amended by both Acts 94-590 and 94-652. Act 94— 590 amended the section to make a fourth and subsequent conviction within a five-year period for operating vehicle under the influence a felony, effective August 20, 1994. Act 91-652 amended the section to include within the existing penalty provisions for operating a vehicle under the influence operating a vessel under the influence, but did not address the penalty for a fourth and subsequent conviction. That change was effective on April 28, 1994. There is no substantive conflict between the two acts and no indication of any legislative intent to either undo the changes made by Act 94-590 in the enactment of Act 94-652 or make the changes applicable to a fourth or subsequent conviction for operating a vessel under the influence. To give full effect to both Acts, and the apparent intent of the Legislature, the amendments to Section 32-5A-191 made by Act 94-652 have been codified as a new Section 32-5A-191.3, relating only to penalties for operating a vessel under the influence. Those penalties would be the same as those in effect for operating a vehicle under the influence prior to the enactment of Act 94-652, without the changes made by Act 94-590 that became effective August 20, 1994, after the enactment of Act 94-652. The amendments to Section 32-5A-191 made by Act 94-590 have been incorporated into that section as set forth above and are applicable only to operating a vehicle under the influence.
“‘Additionally, in subsection (b), the citation to subsection (c) of Section 32-5-192 is substituted for Section 32-5A- *835 192(c) as it appears in the act to reflect the code section in which punishment for refusal to submit to a field breathalyzer test or other approved testing device for operators of motor vehicles on the state highways is located.”
“(Emphasis added [in Whatley ].)
“Looking at the Act as a whole, we hold that the legislature intended by its enactment to amend § 32-5A-191, Code of Alabama 1975, to include vessels in order ‘to provide for certain fines and penalties, parallel to the fines, penalties, and punishment for operating a motor vehicle on the public highways under the influence.'’ The amendment effected by the act is not ‘so contrary or irreconcilable’ with the original version of § 32-5A-191 so as to repeal that section as it applies to vehicles. Section 32-5A-191 remains in full force as originally applied to vehicles; it now applies as well to vessels.”
672 So.2d at 1381-82. (Final emphasis supplied.)
The trial court did not err in denying the appellant’s motion to dismiss the indictment. The appellant’s conviction is affirmed.
AFFIRMED.
All the Judges concur.

. The appellant does not challenge his conviction for driving while his license was revoked.