HOLMES, Retired Appellate Judge.
This is a case involving statutory construction.
Our review of the record reveals the following pertinent facts: In July 1984, after being convicted of capital murder, Darrell Allen Mullins was sentenced to life imprisonment without parole, pursuant to § 13A-5-39, Ala.Code 1975. After learning from the Alabama Board of Pardons and Paroles (Board) that he was ineligible for parole consideration, Mullins filed a complaint against the Board, seeking a declaratory judgment. Specifically, Mullins requested that the trial court declare that he was entitled to parole consideration by the Board because, he said, § 15-22-36, Ala.Code 1975, as amended, empowered the Board to grant parole in all cases, except those cases where an individual had been convicted of treason, impeachment, or sentenced to death. In other words, Mullins contended that § 15-22-36, as amended, and § 13A-5-39 conflicted and that § 15-22-36, as amended, impliedly repealed § 13A-5-39.
On October 17, 1996, the trial court entered an order, finding that § 13A-5-39 and § 15-22-36 did not conflict and that the legislature did not intend for the Board to consider all inmates for parole. Mullins filed a post-judgment motion, which the trial court denied.
Mullins appeals.
At the outset we note that our supreme court, in Shelton v. Wright, 439 So.2d 55, 57 (Ala.1983), stated the following well-settled rule regarding statutory construction:
“The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained.”
(Citations omitted.)
Furthermore, “[i]t is a fundamental principle of statutory construction that statutes covering the same or similar subject matter should be construed in pari materia.” Ex parte Johnson, 474 So.2d 715, 717 (Ala.1985). In other words, “such statutes should be construed together to ascertain the meaning and intent of each.” Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977). We further note that “[a]n ‘implied repeal’ can occur only when the subsequent statute ‘contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two statutes can stand in force.’ Black’s Law Dictionary 1299 (6th ed.1990).” Whatley v. Town of Priceville, 672 So.2d 1378, 1381 (Ala.Crim.App.1995).
In applying the above principles of law, we quote the statutes in question:
Section 13A-5-39(1), Ala.Code 1975, states that a capital offense is “[a]n offense for which a defendant shall be punished by a sentence of death or life imprisonment without parole....”
Section 2 of Act No. 83-750, Ala. Acts 1983, which is codified at § 15-22-36, Ala. Code 1975, states the following:
“(a) In all cases, except treason and impeachment and cases in which sentence of death is imposed and not commuted, as is provided by law, the board of pardons and paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles and to remit fines and forfeitures.”
Section 4 of Act No. 83-750 also states that the provisions of the Act are “supple *1021 mental” and “shall be construed in pari mate-ria with other laws applicable to pardons and paroles ... and shall not be construed so as to repeal or supersede any laws not directly in conflict herewith.”
As stated previously, Mullins contends that the two statutes are conflicting and that the amendment of § 16-22-36 by Act No. 83-760, Ala. Acts 1983, impliedly repeals § 13A-6-39.
In addressing Mullins’s issue, we must first ascertain the legislature’s intent in amending § 16-22-36, which basically sets forth the Board’s authority to grant pardons and paroles. We find that the legislature’s intent, or purpose, is expressly stated in the synopsis of Act No. 83-750. The synopsis states the following purpose:
“To amend Section 15-22-23 and Section 15-22-36, of the Code of Alabama 1975, which relates to the authority of the [Board] to grant pardons and paroles so as to provide further for notification procedures.”
Clearly, the legislature did not intend for this Act to repeal all other restrictions of parole in the Code, including §13A-5-39. Instead, the legislature’s sole purpose in amending § 15-22-23 and § 15-22-36 was to provide the Board with further notification procedures, which is basically a restriction, rather than an expansion, of the Board’s powers. In Ellard v. State, 474 So.2d 743, 749 (Ala.Crim.App.1984), the court stated the following:
“The statutory duties placed upon the Board are mandatory, and the limitations and restrictions ... are to be strictly construed. § 15-22-38. It is limited in its authority to grant paroles and minimum standards for release are prescribed. § 15-22-26 and § 15-22-28.”
Based on the foregoing, we conclude that the trial court did not err in concluding that § 15-22-36 and § 13A-5-39 did not conflict and that the legislature did not intend for the Board to consider all inmates for parole. This is plainly clear in light of the fact that other statutes exist that plainly preclude the Board from considering certain inmates, for parole. See Ala.Code 1975, § 15-22-27.2 (criminal defendants convicted of a Class A felony committed after a previous conviction of another Class A felony shall not be eligible for parole). See Act No. 83-750, Ala. Acts 1983, Section 2(e). •
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs specially.