This is an appeal from a conviction for driving while under the influence of alcohol. That conviction must be reversed because the information is void.
The information charged that the defendant "did commit the offense of Driving Under the Influence in violation of Section32-5A-191 of the Code of Alabama." The information is fatally defective because it does not specify whether the defendant was driving under the influence of alcohol (Section 32-5A-191
(a)(2), under the influence of a controlled substance (Section 3-5A-191 (a)(3), or under the combined influence of alcohol and a controlled substance (Section 32-5A-191 (a)(4). The information did not allege a criminal offense in that it failed to describe any offense condemned by Section 32-5A-191. People v. Sinsi,57 Ill. App.3d 716, 15 Ill.Dec. 378, 373 N.E.2d 724 (1978); Peoplev. Tucker, 131 Ill. App.2d 598, 268 N.E.2d 191 (1971); People v.Stringfield, 37 Ill. App.2d 344, 185 N.E.2d 381 (1962). See alsoBarbee v. State, 417 So.2d 611 (Ala.Cr.App. 1982).
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
DeCARLO, P.J., and TYSON and HARRIS, JJ., concur.