William Kyle Corum was convicted in the municipal court of Huntsville for driving under the influence of alcohol. On appeal to the circuit court he was convicted, fined $250, and ordered to attend a highway intoxication seminar. That conviction must be reversed because the Uniform Traffic Ticket and Complaint failed to properly and adequately advise Corum of the charge against him.
Rule 19 of the Alabama Rules of Judicial Administration provides that "[t]he complaint and summons used in all traffic cases shall be the `Uniform Traffic Ticket and Complaint.'" The "Uniform Traffic Ticket and Complaint" in the instant matter alleges that Corum "[d]id unlawfully operate *Page 1092 
a motor vehicle within the city limits or police jurisdiction of Huntsville . . . upon the following street, road or highway, at or near . . . Hood Rd. Cobb Dr. . . . in violation of 14-2 . . . Municipal Ordinance, more particularly described in the DESCRIPTION OF OFFENSE section below (See circle of description of offense)."
The "DESCRIPTION OF OFFENSE" section directs the officer to "CIRCLE APPROPRIATE SQUARE." Square "4," which charges the offense of "DRIVING UNDER THE INFLUENCE OF ALCOHOL," is not circled or marked in any manner. In spaces provided next to the word "ALCOHOL," the officer made two notations: "TEST TYPE 2,"
and "BAC .216%."
It is fundamental that "the accused has a constitutional right to be informed of the charges against him." Wilbourn v.State, 452 So.2d 915, 916 (Ala.Cr.App. 1984). "The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense." Summers v.State, 348 So.2d 1126, 1132 (Ala.Cr.App.), cert. denied,348 So.2d 1136 (Ala. 1977), cert. denied, 434 U.S. 1070,98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). An instrument which purports to, but "fails to state an offense will not support a judgment of conviction." Barbee v. State, 417 So.2d 611, 614 (Ala.Cr.App. 1982). The accused is entitled to "a plain, concise statement of the facts in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged." A.R.Cr.P.Temp. 15.2 (a).
The record affirmatively shows that the issuing officer failed to circle the appropriate square to designate the offense with which the defendant was charged. While it may be inferred from the notations "TEST TYPE 2" and "BAC .216%" that Corum was being charged with driving under the influence of alcohol, the essentials of an offense must be explicitly charged, and may not be left to inference or aided by intendment. Barbee v. State, 417 So.2d at 613. An information is fatally defective where "it does not specify whether the defendant was driving under the influence of alcohol, under the influence of a controlled substance, or under the combined influence of alcohol and a controlled substance." Smith v.State, 435 So.2d 158 (Ala.Cr.App. 1983) (citations to statutory authority omitted).
The notation "BAC .216%" is insufficient to inform the defendant that he was being charged with driving while under the influence of alcohol. In construing this term, "`Courts will not take judicial notice of abbreviations peculiar to particular trades or professions, and not known by the general public, or any other abbreviation not in general use. . . . Abbreviations in criminal charges are not favored . . ., they are tolerated only when they are not disputable, well defined and well understood.'" People v. Atwell, 129 Ill. App.3d 724, 84 Ill.Dec. 873, 875-76, 473 N.E.2d 89, 91-92 (1984).
The ticket does refer to a "violation of 14-2 Municipal Ordinance." That section states:
"Section 14-2, State law and regulations adopted.
 "In addition to all other provisions of law relating to the speed and operation of motor vehicles in the city, there are hereby adopted by the city all laws of the state and all rules and regulations of the state highway department pertaining to the control of traffic and motor vehicles on highways, that are misdemeanors under the state laws and a violation of such laws, rules and regulations in the city, or in the police jurisdiction thereof, shall be a violation of this Code. (Code 1962, Sec. 18-1)."
The reference on the ticket to a "violation of 14-2 Municipal Ordinance," however, is not sufficient to inform the defendant of the charge of driving while under the influence of alcohol. Although § 14-2 adopts State motor vehicle laws and regulations, including the D.U.I. provisions, the *Page 1093 
ordinance does not designate any specific offense and reference to it does not satisfy the "constitutional right of an accused to demand the nature and cause of the accusation against him."Summers v. State, supra, at 1132.
 "The general rule is that it is sufficient, in making a criminal charge, to follow the words of the statute which declares the offense, but this rule does not apply when the statute does not prescribe with definiteness the constituents of the offense. The defendant has the constitutional right to `demand the nature and cause of his accusation,' so that he may identify the particular charge and offense." Miles v. State, 94 Ala. 106, 11 So. 403 (1892).
Our Supreme Court has rejected the argument that mere inclusion of the applicable code section in a charging instrument is sufficient "to put the defendant on notice that he [is] charged with violation of any provable part of the statutory provision." Ex parte Washington, 448 So.2d 404, 407
(Ala. 1984); Ex parte Hightower, 443 So.2d 1272 (Ala. 1983). Instead, the offense must be designated with specificity.Slater v. State, 230 Ala. 320, 162 So. 130 (1935); Crooks v.State, 31 Ala. App. 308, 15 So.2d 913 (Ct.App. 1943).
Holding that an affidavit charging defendant with a "violation of the prohibition law" named no offense, gave the inferior court no jurisdiction, and voided defendant's conviction, our Supreme Court observed:
 "[A] blanket charge of violation of the prohibition law of Alabama as it now exists does not designate any distinct or specific offense by name or as known in common parlance. It is equally applicable to any one of numerous distinct offenses, some misdemeanors, some felonies, each depending on its own state of facts. A charge of violating the law of the road, or the public health laws, would be equally specific. We must, therefore, hold the affidavit void." Slater v. State, 230 Ala. 320, 162 So. at 132 (emphasis added).
The filing of an information by the city attorney on appeal to circuit court does not cure the defect. Here, the original complaint was not merely irregular, but void and fatally defective. Therefore, "it will not support the filing of a sufficient information or complaint by the district [or city] attorney for a trial de novo in circuit court." Ex parte Dison,469 So.2d 662, 665 (Ala. 1984).
Rule 19, Alabama Rules of Judicial Administration, prescribes the use of the Uniform Traffic Ticket and Complaint (U.T.T.C.). Our Rule 19 is similar in that regard to Missouri Supreme Court Rule 37.1162. Regarding that Missouri rule, the Missouri Court of Appeals has written:
 "Rule 37.1162 sets out the form of the `Uniform Traffic Ticket' in meticulous detail. As a device for use in charging the commission of a traffic violation, it is clearly seen to be a radical departure from the conventional narrative form of complaint or information, in that it consists of printed wording (obviously approved by the Supreme Court) and blank places or boxes to be filled in or `checked' by an officer. While it is our view that the uniform traffic ticket must be utilized and processed in such manner as to describe with reasonable certainty the offense it purports to charge, we do not believe that courts should be hypertechnical in assaying its sufficiency as a complaint or information." City of Independence v. Beth, 458 S.W.2d 874, 876 (Mo.App. 1970).
We find those comments applicable to our own Rule 19, A.R.Jud.Adm.
Care must be exercised in filling out the uniform traffic ticket "so that it accurately charges the offense, and the defendant will know with what he is being charged." State v.White, 3 N.C. App. 31, 33, 164 S.E.2d 36, 39 (1968). The uniform traffic ticket in this case fails to inform the defendant "of the nature and cause of the accusation against him." Jeffersonv. City of Birmingham, 399 So.2d 932, 933 (Ala.Cr.App. 1981). A complaint which fails to describe an offense is fatally defective. *Page 1094 
See Smith v. State, 435 So.2d 158 (Ala.Cr.App. 1983).
The opinion on original submission is withdrawn. The application for rehearing is granted, and the judgment of the circuit court is reversed and the cause remanded.
ORIGINAL OPINION WITHDRAWN; APPLICATION FOR REHEARING GRANTED; REVERSED AND REMANDED.
All Judges concur.