BOWEN, Judge.
By jury verdict, Christopher Ted Bishop was found “guilty of being in actual physical control of a vehicle while there was .10% or more by weight of alcohol in his blood as charged in the information.” However, the information did not charge this offense, or any other offense, and is therefore void.
The information charged that Bishop “did commit the offense of DUI in violation of 32-5A-191A1 of the Code of Alabama. . . .” In Smith v. State, 435 So.2d 158 (Ala.Cr.App.1983), we reviewed an information virtually identical to this information[1] and concluded:
“The information is fatally defective because it does not specify whether the defendant was driving under the influence of alcohol (Section 32-5A-191(a)(2)), under the influence of a controlled substance (Section 32-5A-191(a)(3)), or under the combined influence of alcohol and a controlled substance (Section 32-5A-191(a)(4)). The information did not allege a criminal offense in that it failed to describe any offense condemned by Section 32-5A-191.” (Citations omitted.) (Emphasis added.)
The state argues that “[b]y setting out the specific subsection of 32-5A-191, i.e. Al,” the information in the present ease did not run afoul of Smith. Appellee’s brief at 5. Section 32-5A-191(a)(1) does cover the offense of driving or being in actual physical control of a vehicle while “[tjhere is 0.10 percent or more by weight of alcohol in [one’s] blood.” However, the mere reference to this particular subsection was clearly not sufficient to apprise Bishop of the specific offense with which he was charged:
“Our Supreme Court has rejected the argument that mere inclusion of the applicable code section in a charging instrument is sufficient ‘to put the defendant on notice that he [is] charged with violation of any provable part of the statutory provision.’ Ex parte Washington, 448 So.2d 404, 407 (Ala.1984); Ex parte Hightower, 443 So.2d 1272 (Ala.1983).”
Corum v. City of Huntsville, 491 So.2d 1091, 1093 (Ala.Cr.App.1986). See also Sisson v. State, 528 So.2d 1151, 1154 (Ala.Cr.App.1987), affirmed on other grounds, 528 So.2d 1159 (Ala.1988) (wherein “we note[d] that the mere citation of § 32-5A-191(a)(1) in the original complaint is insufficient to charge that particular offense in the absence of language specifying the ‘conduct sought to be condemned’ by it”). Smith, supra, is obviously controlling in this case.
“An instrument which purports to, but ‘fails to state an offense will not support a judgment of conviction.’ Barbee v. State, 417 So.2d 611, 614 (Ala.Cr.App.1982).” Corum v. City of Huntsville, 491 So.2d at 1092. Consequently, the judgment of the *319 Wilcox Circuit Court is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.

. The information in Smith "charged that the defendant 'did commit the offense of Driving Under the Influence in violation of Section 32-5A-191 of the Code of Alabama.’ ”