TYSON, Judge.
Phillip Brian Sandlin was charged with the offense of driving under the influence of alcohol. He was tried in district court and was found guilty of this offense. He was sentenced to 90 days in jail and was fined $1000. This is a direct appeal from the district court under § 12-12-72, Code of Alabama 1975, which provides that an appeal may be taken from a district court directly to this court if “[an] adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto.”
At approximately 2:30 a.m. on March 3, 1990, Deputy Paul Norman of the Jefferson County Sheriff’s Office observed the appellant driving erratically and speeding on Green Springs Highway near Birmingham, Alabama. Norman turned on his emergency lights and chased the appellant but the appellant failed to stop for a couple of blocks.
When the appellant got out of his car, he almost fell from the car. The appellant claimed he had a physical disability which affected his walking. However, the appellant could hardly stand up on the night in question. His speech was also slurred. Norman testified that, in his opinion, the appellant was under the influence of alcohol and Norman arrested the appellant for this offense at the scene. The results of the appellant’s blood alcohol test were not admitted into evidence.
The Uniform Traffic Ticket and Complaint (UTTC) in this case charged the ap *1222 pellant with a violation of § 32-5A-191(a)(2), Code of Alabama 1975, which provides that “[a] person shall not drive or be in actual physical control of any vehicle while: ... (2) Under the influence of alcohol.” However, under the “Description of Offense” section of the UTTC, the box next to the following statement was marked:
“There Was .10% or More By Weight of Alcohol in His/Her Blood.”
This statement tracks the language of § 32-5A-191(a)(l), Code of Alabama 1975. Prior to the appellant’s trial, the district judge stated that he was proceeding under subsection (a)(2) and this is the offense of which he convicted the appellant.
The appellant seems to argue on appeal that because the “Description of Offense” section of the UTTC described subsection (a)(1), the charge against him was subsection (a)(1) and, therefore, that he did not have notice that he would have to defend against a charge under subsection (a)(2). Furthermore, he argues that because the State did not introduce the results of his blood alcohol test, there was a variance between the complaint and the proof at trial. We do not agree. In Ex Parte Buckner, 549 So.2d 451 (Ala.1989), the Alabama Supreme Court stated:
“Alabama’s D.U.I. statute, Ala.Code 1975, § 32-5A-191, provides that ‘[a] person shall not drive or be in actual physical control of any vehicle while: (1) There is 0.10 percent or more by weight of alcohol in his blood; (2) Under the influence of alcohol....’ This court has held that subsections (1) and (2) are not separate offenses, but are two methods of proving the same offense — driving under the influence of alcohol. Sisson v. State, 528 So.2d 1159 (Ala.1988).”
The UTTC in this case, by reference to the § 32-5A-191(a)(2) and by describing the offense by tracking the language of (a)(1), charged the appellant under both subsections (a)(1) and (a)(2). Thus, in attempting to prove that the appellant was guilty of driving under the influence, the State had the option of proving either that he was “under the influence of alcohol” or that his blood alcohol content was more than .10 percent. However, prior to trial, the district court stated that he was proceeding under (a)(2). Under subsection (a)(2),
“the prosecution must prove that the defendant ‘was under the influence of alcohol [i.e., that he had consumed alcohol] to the extent that it affected his ability to operate his vehicle in a safe manner.’ Buckner, 549 So.2d at 453. Although it is not required to do so, the prosecution may, in a prosecution under (a)(2) introduce the results of a chemical test for intoxication.”
Frazier v. City of Montgomery, 565 So.2d 1255, (Ala.Crim.App.1990).
Thus, under subsection (a)(2), the appellant may have had to defend against the results of the blood alcohol test if the State had chosen to introduce them into evidence. We fail to see how the appellant can claim that he did not have reasonable notice of the charge against him or that there was a variance between the complaint and the proof at trial. The State established a prima facie case under § 32-5A-191(a)(2), Code of Alabama 1975. See Grimes v. State, 491 So.2d 1053 (Ala.Crim.App.1986). Therefore, we find no merit in this appeal.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only.