ON REHEARING EX MERO MOTU
McMILLAN, Judge.
Our original opinion of January 31, 1992, is hereby withdrawn and the following is substituted therefor.
The appellant was convicted in municipal court of “driving under the influence of alcohol,” in violation of § 32-5A-191(a)(2), Code of Alabama 1975. He was fined $500 plus court costs and was sentenced to 30 days in jail, suspended, which sentence was subject to the completion of a substance abuse program. He appealed his conviction to the circuit court for trial de novo. The City of Hokes Bluff, in accordance with § 12-14-70(d), Code of Alabama 1975, filed in the circuit court, within 15 days of the filing of the appellant’s notice of appeal, a “transcript” of the municipal court proceedings. The transcript contained the Uniform Traffic Ticket and Complaint (U.T.T.C.), the notice of appeal, and the appeal bond. The U.T.T.C. was signed by the municipal court judge and was attested to by the city clerk. The appellant moved to dismiss on grounds that the U.T.T.C. was insufficient to confer jurisdiction upon the circuit court, because the city had failed to comply with § 12-22-113, Code of Alabama 1975, which provides that, in an appeal from the municipal court, “The [city attorney] shall file a brief statement of the cause of complaint signed by him....” That motion was denied and the appellant was subsequently convicted.
The appellant contends that the city’s failure to file a statement of the cause of complaint signed by the city attorney precluded the circuit court from obtaining jurisdiction over the case appealed from the municipal court of Hokes Bluff.
In Ex parte Young, 611 So.2d 414 (Ala.1992), the Alabama Supreme Court affirmed this court’s decision in Young v. City of Hokes Bluff, 611 So.2d 401 (Ala.Cr.App.1992), wherein this Court held that “a valid U.T.T.C., sworn to before a judge or magistrate, [satisfies] ... the ‘cause of complaint’ requirements of § 12-22-113.” Therefore, the City of Hokes Bluff, by filing a valid U.T.T.C., satisfied the “cause of complaint” requirements of § 12-22-113; hence, the judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All Judges concur.