David Glenn Stoll was convicted in district court of boating under the influence of alcohol. See § 32-5A-191.3, Ala. Code 1975. He appealed his conviction to the circuit court for a trial de novo and was found guilty. He was sentenced to one year in jail and was fined $500. The sentence was suspended, and he was placed on probation for two years.
Stoll contends that the circuit court erred in denying his motion to dismiss. He argues that neither the district court nor the circuit court obtained subject matter jurisdiction to try him because, he says, a formal charging instrument, the Uniform Traffic Ticket and Complaint (UTTC), was never filed in the district court, and a UTTC was not included in the records transmitted to the circuit court after he appealed for a trial de novo.
The state does not dispute Stoll's contention that a UTTC charging him with boating under the influence was never filed in the district court and was not included in the records later transmitted to the circuit court. Although the arresting officer testified at the hearing on Stoll's motion to dismiss that he furnished Stoll with a copy of "a ticket" when Stoll was released from jail following his arrest, we have no way of determining whether this ticket comported with the requirements of a UTTC or described a valid offense, because the ticket was not filed in the district court, was not in the record of the proceedings in the circuit court, and is not contained in the record before us. In denying Stoll's motion to dismiss, the circuit court judge determined that the fact that a ticket had been issued to Stoll was sufficient to confer jurisdiction on the district court and subsequently on the circuit court for the trial de novo.
Although we cannot say with certainty, it appears that the state may have considered a rather rudimentary affidavit, signed by the arresting officer and the district court magistrate and entitled "Water Offenses," to be the charging instrument. However, this affidavit clearly lacks the specificity of a UTTC. At the hearing on Stoll's motion to dismiss, the arresting officer stated that the affidavit "is furnished by the Clerk's Office of Mobile County which is signed by us and marked according to what offense the defendant created [sic] after we make a citation and charge them with an offense." (R. 12.) The arresting officer acknowledged that "the ticket itself, and not the affidavit, "is the charging instrument." (R. 12.)
Prosecutions of misdemeanor traffic offenses are commenced upon the filing of a valid UTTC in the district court or, where the offense is adopted as a municipal ordinance, in the municipal court. § 12-12-53, Ala. Code 1975; Rule 19 (A) and (D), Ala.R.Jud.Admin.; Rule 2.3, Ala.R.Crim.P. See Brown v. State,565 So.2d 585, 589 (Ala. 1990); Sisson v. State, 528 So.2d 1159, 1160
(Ala. 1988); Gandy v. City of Birmingham, 478 So.2d 11, 12
(Ala.Cr.App. 1985); see also Young v. City of Hokes Bluff,611 So.2d 401, 404 n. 1 (Ala.Cr.App.) (Bowen, J., concurring in result), aff'd, 611 So.2d 414 (Ala. 1992). In misdemeanor traffic cases, the UTTC is the formal charging instrument, analogous to an indictment and conferring original subject matter jurisdiction on the district or municipal court, and on the circuit court in the case of a de novo appeal. Young, *Page 92 
611 So.2d at 411-13 (Bowen, J., concurring in result); Sanders v. City ofBirmingham, 669 So.2d 236, 238 (Ala.Cr.App. 1995). See also Rule 2.2 (d), Ala.R.Crim.P., as amended effective August 1, 1997.
The Alabama Boating Safety Act of 1994 amended Alabama's DUI statute, § 32-5A-191, Ala. Code 1975, to create the misdemeanor traffic offense of boating under the influence of alcohol. § 32-5A-191.3, Ala. Code 1975. See Floyd v. State,673 So.2d 833 (Ala.Cr.App. 1995); Whatley v. Town of Priceville,672 So.2d 1378 (Ala.Cr App. 1995); Daugherty v. Town ofSilverhill, 672 So.2d 813 (Ala.Cr.App. 1995). Because boating under the influence of alcohol is a misdemeanor traffic offense, in order for the district court to acquire subject matter jurisdiction of the case, the state must commence the prosecution by filing a valid UTTC in the district court. § 12-12-53, Ala. Code 1975; Rule 19 (A), Ala.R.Jud.Admin.; Rule 2.3, Ala. R.Crim.P. See Brown, 565 So.2d at 589; Sisson, 528 So.2d at 1160. However, it is undisputed that a UTTC charging Stoll with boating under the influence was never filed in the district court. Moreover, a UTTC was never introduced in the circuit court after Stoll appealed for a trial de novo. Because the state's prosecution of Stoll was not based on a valid UTTC, Stoll is correct in arguing that neither the district court nor the circuit court obtained subject matter jurisdiction to try him or to enter a judgment of conviction against him.
Although the record indicates that the state filed a solicitor's complaint for a trial de novo in the circuit court, the complete absence in this case of a UTTC, the formal charging instrument, cannot be cured by the filing of the solicitor's complaint. Corum v. City of Huntsville, 491 So.2d 1091, 1093
(Ala.Cr.App. 1986); Gandy, 478 So.2d at 12. See Young, 611 So.2d at 411-13 (Bowen, J., concurring in result); Smith v. City ofHokes Bluff, 615 So.2d 1300, 1301 (Ala.Cr.App. 1993).
Because the circuit court and the district court did not have jurisdiction to try Stoll for boating under the influence, the circuit court should have granted Stoll's motion to dismiss. Therefore, the circuit court's judgment is reversed and this cause is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.