JOINER, Judge.
Melvin Scott Keith was convicted in the Autauga County District Court of driving under the influence of alcohol, see § 32-5A-191, Ala.Code 1975. Keith appealed his conviction to the Autauga Circuit Court and requested a jury trial. On October 10, 2012, Keith filed what he styled as a “motion to dismiss and motion to suppress,” in which Keith contended that the Alabama Uniform Traffic Ticket and Complaint (“UTTC”) that charged Keith with driving under the influence of alcohol did not charge an offense because, he said, the UTTC alleged that Keith had violated “32-5A-191(A)l/2” and “[n]o such specific charge exists by said numbers under (A) of that statute.” (C. 41.) Keith argued — in the alternative — that the “breath test results” should be suppressed because, he said, “the officer failed to comply with the deprivation period required by the [Alabama] Department of Forensic Science[s].” (C. 41.)
On November 4, 2012, the State filed a response to Keith’s “motion to dismiss and motion to suppress” alleging that there “is no error in the UTTC charging [Keith] with driving while there was .08% or more by weight of alcohol in his blood and/or driving while under the influence of alcohol.” (C. 43.)
On November 7, 2012, the circuit court conducted a hearing on Keith’s “motion to dismiss and motion to suppress.” That same day, the circuit court issued an order granting Keith’s motion to dismiss; the order stated:
“[T]his cause is due to be dismissed ... in that the charging instrument (A 1/2) of 32-5A-191, Code of Alabama is improper, its error arising from the lack of specificity by the charging officer and a failure to give accurate notice of the charge brought against the defendant.”
(C. 46.) Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit court’s ruling.
On appeal, the State contends that the circuit court “erroneously granted Keith’s motion to dismiss the [UTTC]” because, the State says, “the UTTC clearly alleged that Keith drove while under the influence of alcohol.” (State’s brief, p. 6.) Keith, on the other hand, contends that the UTTC’s citation to “32-5A-191(A)l/2” did not clearly advise him of the offense for which he was charged.
This Court has held
“It is fundamental that ‘the accused has a constitutional right to be informed of the charges against him.’ Wilbourn v. State, 452 So.2d 915, 916 (Ala.Cr.App. 984). ‘The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense.’ Summers v. State, 348 So.2d 1126, 1132 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). An instrument which purports to, but ‘fails to state an offense will not support a judgment of conviction.’ Barbee v. State, 417 So.2d 611, 614 (Ala.Cr.App.1982). The accused is entitled to ‘a plain, concise statement of the [charge] in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged.’ [Rule 13.2(a), Ala. R.Crim. P.]”
Corum v. City of Huntsville, 491 So.2d 1091, 1092 (Ala.Crim.App.1986).
In Smith v. State, 435 So.2d 158 (Ala. Crim.App.1983), this Court reversed *971 Smith’s conviction for driving under the influence of alcohol because the information charging Smith with driving under the influence of alcohol was “void.” In reaching this conclusion, this Court found:
“The information charged that the defendant ‘did commit the offense of Driving Under the Influence in violation of Section 32-5A-191 of the Code of Alabama.’ The information is fatally defective because it does not specify whether the defendant was driving under the influence of alcohol (Section 32-5A-191(a)(2)[) ], under the influence of a controlled substance (Section 32-5A-191(a)(3)[) ], or under the combined influence of alcohol and a controlled substance (Section 32-5A-191(a)(4)[) ]. The information did not allege a criminal offense in that it failed to describe any offense condemned by Section 32-5A-191.”
435 So.2d at 158.
This Court, in Bishop v. State, 555 So.2d 317, 318 (Ala.Crim.App.1989), reversed a conviction for driving under the influence for “being in actual physical control of a vehicle while there was .10%[1] or more by weight of alcohol in [Bishop’s] blood” and held that an information charging Bishop with driving under the influence was void because “the information did not charge this offense, or any other offense.” (Emphasis in original.) Specifically, this Court found that “[t]he information charged that Bishop ‘did commit the offense of [driving under the influence] in violation of 32-5A-191A1 of the Code of Alabama[,’]” and relying on our decision in Smith, supra, held that, although
“[§] 32-5A-191(a)(l) does cover the offense of driving or being in actual physical control of a vehicle while ‘[t]here is 0.10 percent or more by weight of alcohol in [one’s] blood[,]’.... the mere reference to this particular subsection was clearly not sufficient to apprise Bishop of the specific offense with which he was charged.”
Bishop, 555 So.2d at 318.
Thus, Smith and Bishop establish that a charging instrument that alleges only that a defendant “committed the offense of driving under the influence” and generally cites to § 32-5A-191, Ala.Code 1975, and a charging instrument that cites only to a specific section of § 32-5A-191, Ala.Code 1975, without more, is insufficient to advise a defendant of the offense for which he is being charged.
This Court has held, however, that when a charging instrument tracks the language of a particular Code section it is sufficient to put the accused on notice of the charges against him. See Sandlin v. State, 575 So.2d 1221 (Ala.Crim.App.1990)
Here, as stated above, Keith was charged with driving under the influence under § 32-5A-191, Ala.Code 1975, which provides as follows:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
“(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
“(2) Under the influence of alcohol;
“(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
“(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
*972 “(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.”
Although Keith argued — and the circuit court agreed — that the UTTC at issue in this case did not charge Keith with an offense because it alleged that Keith had violated “32-5A-191(A)l/2” and “[n]o such specific charge exists by said numbers under (A) of that statute” (C. 41), the UTTC at issue in this case went beyond merely citing the Code section or merely stating that Keith was “under the influence.” See Bishop, supra. Specifically, the UTTC under which Keith was charged provided that Keith
“[d]id unlawfully operate a motor vehicle or other vehicle at or near CR-39 within the County of Autauga at or near CR-39 ALT in violation of Section 32-5A-191(A)l/2 (Code of Alabama, 1975) duly adopted and in force at the time the offense was committed more particularly described as:

“Did drive or he in actual physical control of a vehicle while there was 0.08% or more by weight of alcohol in his/her blood and/or while under the influence of alcohol.”

(C. 42.) Thus, the UTTC clearly tracked the language of both § 32-5A-191(a)(l) and (a)(2), Ala.Code 1975, and was sufficient to advise Keith of the offense for which he was being charged.[2] See Sand-lin, supra.
Accordingly, the judgment of the circuit court granting Keith’s motion to dismiss is reversed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. In 1995, § 32-5A-191(a)(l), Ala.Code 1975, was amended to lower the blood-alcohol level at or above which a person is prohibited from operating a motor vehicle from 0.10 to 0.08 percent by weight of alcohol in his or her blood. See Act No. 95-784, Ala. Acts 1995.

. The Alabama Supreme Court "has determined that § 32 — 5A—191 (a)(1) and § 32-5A-191(a)(2) do not constitute separate offenses but are alternative methods of proving the same offense.” Hastings v. State, 589 So.2d 795, 796 (Ala.Crim.App.1991) (citing Sisson v. State, 528 So.2d 1159 (Ala.1988)) (emphasis in original). Thus, here, it is permissible for the UTTC to charge Keith under both § 32-5A-191(a)(l) and (a)(2), Ala.Code 1975.