STUART, Justice.
Charles Marquis Simmons was convicted of a Class A misdemeanor in the Lowndes District Court;, he appealed the conviction to the Lowndes Circuit Court for a trial de novo. He was convicted in the circuit court and appealed the circuit court’s judgment to the Court of Criminal Appeals. The Court of Criminal Appeals reversed the judgment and remanded the case. Simmons v. State, 179 So.3d 244 (Ala.Crim.App.2013). The State petitioned this Court for certiorari review of the decision of the Court of Criminal Appeals. We reverse and remand.

Facts and Procedural History

The mother of the victim filed a complaint, stating that Simmons, a teacher, had had sexual contact with her daughter, who at the time -the sexual contact occurred was under 19' years old. Simmons was convicted in the district court for having sexual contact with a-student less than 19 years old, a violation of § 13A-6-82, Ala.Code 1975. Simmons filed a timely notice of appeal to the circuit court for a trial de novo. It is undisputed that the mother’s complaint was not included in the file forwarded to the circuit court by the district court clerk. An information, however, was filed in the circuit court by, the *250 district attorney after Simmons had filed his notice of appeal for a trial de novo.
Before the trial in the circuit court commenced, Simmons moved to dismiss the case against him because, he said, the original charging instrument from the district court, the mother’s complaint, was not being used to prosecute his case, and he objected to being prosecuted on the information filed by the district attorney subsequent to his conviction in the district court. The circuit court denied his motion, and the trial proceeded. Simmons was convicted in the circuit court and appealed to the Court of Criminal Appeals. The Court of Criminal Appeals held that, “[i]n the absence of a proper charging instrument, the circuit court could not exercise jurisdiction over Simmons’s appeal,” 179 So.3d at 246, and that the circuit court’s judgment was void and due to be set aside, and it reversed the judgment and remanded the case.

Standard of Review

“ ‘ “ ‘This Court reviews pure questions of law in criminal cases de novo.’ ” ’ Ex parte Brown, 11 So.3d 933, 935 (Ala.2008) (quoting Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004), quoting in turn Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).” Hiler v. State, 44 So.3d 543, 546 (Ala.2009).

Discussion

The State contends that the decision of the Court of Criminal Appeals that the circuit court could not exercise jurisdiction over Simmons’s appeal for a trial de novo because the original charging instrument was not used to prosecute the case conflicts with Ex parte Seymour, 946 So.2d 536 (Ala.2006), and Stegall v. State, 628 So.2d 1006 (Ala.Crim.App.1993).
In Ex parte Seymour, this Court established that a court’s subject-matter jurisdiction is determined by “whether the trial court [has] the constitutional and statutory authority to try the offense” with which a defendant has been charged. 946 So.2d at 538. Section 12-11-30(3), Ala.Code 1975, provides:
“The circuit court shall have appellate jurisdiction of ... criminal .,. cases in district court.... Appeals to the circuit court shall be tried de novo, with or without a jury, as provided by law.”
In this case, Simmons was convicted in the district court of a Class A misdemean- or. He appealed his conviction to the circuit court for a trial de novo. In accordance with § 12-11-30(3), Ala.Code 1975, and Ex parte Seymour, the circuit court had subject-matter jurisdiction over Simmons’s case.
The decision of the Court of Criminal Appeals acknowledges Ex parte Seymour and does not appear to dispute the fact that the circuit court had subject-matter jurisdiction over Simmons’s case; rather that court asserts that “the filing of the proper charging instrument was required for the jurisdiction belonging to the circuit court to attach.” 179 So.3d at 246 (emphasis added). In other words, according to the Court of Criminal Appeals, the circuit court’s jurisdiction in this particular case was not invoked because the original charging instrument used in the district court was not used in the circuit court to prosecute the case. In support of its assertion, the Court of Criminal Appeals cites State v. Thomas, 550 So.2d 1067, 1072 (Ala.1989).
State v. Thomas, however, does not support the Court of Criminal Appeals’ decision that jurisdiction in the circuit court did not “attach” in Simmons’s case. In State v. Thomas, this Court considered whether the juvenile court had jurisdiction over the mother of a child when no judicial proceeding had been initiated against *251 the child. In that case, the child had been arrested and released into the mother’s custody without being charged for any offense. When the mother refused to bring the child in for further questioning by law-enforcement officers, the law-enforcement officers moved the juvenile court for a pickup order for the child. The juvenile court issued the order. -When the officers executed the order, the mother informed them that she did not know the child’s whereabouts. After being advised of the mother’s statement, the juvenile court issued a pickup order for the mother, conducted a hearing, and ordered the mother to produce the child. When the mother did not appear with the child as ordered, the juvenile court placed the mother in jail for contempt of court for failing to comply with the court’s order to produce the child. This Court recognized that the statutory authority applicable at that' timé to establish the juvenile court’s jurisdiction required the filing of a petition with the intake officer alleging that the child is delinquent, dependent, or in need of supervision, and the juvenile court had to determine, after conducting a preliminary inquiry, that the child was within its jurisdiction. See former §§ 12-15-30 through -36, Ala.Code 1975 (now repealed). Because the statutory requirements to establish the juvenile court’s jurisdiction had not been satisfied, this Court held in State v. Thomas that the juvenile court did not have jurisdiction over the child and, consequently, did not have jurisdiction over the mothér.
The facts and circumstances in this case are clearly distinguishable from those in State v. Thomas. In State v. Thomas, no action had been initiated in the juvenile court with regard to the child for the juvenile court’s jurisdiction to attach; therefore, the juvenile court could not exercise its jurisdiction over the child’s mother. Here, an action had been initiated in the circuit court; After Simmons was convicted in the district court, Simmons filed a notice of appeal for a trial de novo in the circuit court. As- previously established, the circuit court has jurisdiction over appeals from the district court. Thus, unlike State v. Thomas, where no action was taken to commence, a judicial proceeding for the juvenile court’s jurisdiction to attach; Simmons’s action of. filing ,a notice of appeal of his district court conviction in the circuit court for a trial de novo satisfied the statutory requirements for the circuit court’s jurisdiction arid the circuit court’s jurisdiction “attached” to his case. ‘
Moreover, the decision of the Court of Criminal Appeals that the circuit court could not exercise jurisdiction over Simmons’s appeal because of the absence of the original charging instrument conflicts with Stegall v. State, 628 So.2d 1006 (Ala. Crim.App.1993).,. In Stegall, the Court of Criminal Appeals held that. “[t]he filing of a solicitor’s complaint, [from the district court] is not a jurisdictional prerequisite to an appeal to the circuit court for a. trial de novo.” 628 So.2d at 1008.
Furthermore, in Ex parte Young, 611 So.2d 414, 415 (Ala.1992), this Court stated:
“[A] prosecuting attorney’s complaint is not the mechanism that confers upon the circuit court jurisdiction to proceed with a de novo appeal. The complaint is a statutory right of the accused that can be waived. Young [v. City of Hokes Bluff], 611 So.2d [401,] 405 [ (Ala.Crim.App.1992) ], Bowen, J., concurring and citing Moss v. State, 42 Ala. 546 (1868). Certainly, if the right to a complaint can be waived, then it is not the mechanism that confers subject matter jurisdiction on the circuit court in a de novo appeal.”
(Footnote omitted.)
Accordingly, ■ if the filing in the circuit court of the original charging instrument *252 by which the action was commenced in the district court is not a jurisdictional prerequisite to an appeal to the circuit court for a trial de novo, the filing in the circuit court of the original charging instrument from the district court cannot be a requirement for “jurisdiction to attach” or to be exercised. Therefore, the decision of the Court of Criminal Appeals that'the circuit court’s jurisdiction did not attach in this case conflicts with Stegall,
When Simmons filed his notice of appeal for a trial de novo in the circuit court, the circuit court’s jurisdiction over his appeal for a trial de novo “attached,” and the fact that the case was not prosecuted using the original charging instrument from the district cpurt did not affect the circuit court’s jurisdiction.
• Conalmion
Based on the foregoing, the Court of Criminal Appeals erred in holding that the circuit court could not exercise its jurisdiction or that the circuit court’s jurisdiction did not attach because the charging instrument from the district court was not used to prosecute Simmons’s case in the circuit court. The judgment of the Court of Criminal Appeals is reversed, and this ease is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
BOLIN, MURDOCK, SHAW, MAIN, WISE, and BRYAN, JJ., concur.
STUART, J., concurs specially.
MOORE, C.J., and PARKER, J., dissent'. '