JOINER, Judge.
The State of Alabama appeals the circuit court’s decision to grant the motion filed by Earl Gaines Thomas, Jr., to dismiss the three complaints charging him with driving under the influence of alcohol, reckless driving, and running a red light. We reverse and remand.

Facts and Procedural History

Thomas was convicted in the Baldwin County District Court of driving under the influence of alcohol (“DUI”), see § 32-5A-191, Ala.Code 1975, of reckless driving, see § 32-5A-190, Ala.Code 1975, and of running a red light, see § 32-5A-32(3)a., Ala. Code 1975. Thomas appealed his convictions to the Baldwin Circuit Court and requested a jury trial.
On September 4, 2014, Thomas filed a “motion to dismiss,” in which Thomas contended that the Alabama Uniform Traffic Ticket and Complaint (“UTTC”) that *37 charged him in each of his cases — DUI, reckless driving, and running a red light— “failed to ‘designate a public offense’ or cite any statute or ‘offense’ that [Thomas had] violated.” (C. 32.) Thus, Thomas argued, the UTTCs “failed to properly charge [him] with violating any law.” (C. 32.) To support his position, Thomas .cited several cases, including Corum v. City of Huntsville, 491 So.2d 1091, 1092 (Ala.Crim.App.1986), which, he said, holds “that [an] officer’s failure to cite [a] statutory code provision [in a UTTC] is fatal.”' (C. 34.)
On September 8, 2014, the circuit court conducted a hearing on Thomas’s motion. At the hearing, Thomas again argued that the three UTTCs were fatally defective because, he said, they failed to cite any Code section charging him with an offense. To support his position, he cited this Court’s decisions in Ex parte State ex rel. Johnson, 636 So.2d 1266 (Ala.Crim.App.1994), and Corum, supra. The State, on the other hand, argued that
“in each of these three offenses, the DUI, the reckless driving, and the third charge—
[[Image here]]
“ — running a red light, the charging document designates the charge by name. The [Alabama] Code does not require that the charging officer cite a code section. It is sufficient when the charging document designates the charge by name, as it did in these cases.”
(R. 9.) The circuit court then questioned the State about the application of Corum to this case and concluded as follows:
“My recollection from reading [Co-rum], it’s almost directly on point from the standpoint of there was no code section cited.”
(R. 10.) The State disagreed with the circuit court’s interpretation of Corum, explaining that Corum is distinguishable from this case and that “what we’re talking about here in due process is reasonable notice. And reasonable notice of the offense is a description of the offense.” (R. 11.) Thereafter, Thomas again argued that “the charging instruments] charge[ ] no crime” and that “we’re dealing with something beyond just reasonable notice. We’re dealing with the subject matter jurisdiction of the [circuit] court to hear the case.” (R. 12.)
On September 8, 2013, the circuit court granted Thomas’s motion to dismiss. Pursuant to Rule 15.7, Ala. R.Crim. P., the State appealed the circuit court’s ruling.

Standard of Review

The facts in this case are not in dispute, and the question before this Court on appeal — whether the circuit court erred when it granted Thomas’s motion to dismiss — is purely a legal one. “ ‘ “ ‘[0]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is de novo.’ Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997).” Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999).’ ” Scott v. State, 917 So.2d 159, 169-70 (Ala.Crim.App.2005) (quoting Girard v. State, 883 So.2d 717, 719 (Ala.2003)).

Discussion

On appeal, the State contends that the circuit court erred when it granted Thomas’s motion to dismiss because, the State says, “[t]he UTTC’s sufficiently charged Thomas with committing the offenses of DUI, reckless driving, and running a red light.” (State’s brief, p. 8.) We agree.
As a threshold issue, we note that Thomas argued in the circuit court that the alleged defects in the UTTCs deprived the circuit court of subject-matter jurisdie *38 tion to try the charged offenses. This argument is incorrect.
This Court has stated:
“Prosecutions of misdemeanor traffic offenses are commenced upon the filing of a valid' UTTC in the district court or, where the offense is adopted as a municipal ordinance, in the municipal court, § 12-12-53, Ala.Code 1975; Rule 19(A) and (D), Ala. R. Jud. Admin.; Rule 2.3, Ala. R.Crim. P. See Brown v. State, 565 So.2d 585, 589 (Ala.1990); Sisson v. State, 528 So.2d 1159, 1160 (Ala.1988); Gandy v. City of Birmingham, 478 So.2d 11, 12 (Ala.Cr.App.1985); see also Young v. City of Hokes Bluff, 611 So.2d 401, 404 n. 1 (Ala.Cr.App.) (Bowen, J., concurring in result), aff'd, 611 So.2d 414 (Ala.1992). In misdemeanor traffic cases, the UTTC is the formal charging instrument, analogous to an indictment and conferring original subject matter jurisdiction -on the district or municipal court, and on the circuit court in the case of a de novo appeal. Young, 611 So.2d at 411-13 (Bowen, J., concurring in result); Sanders v. City of Birmingham, 669 So.2d 236, 238 (Ala.Cr.App.1995). See also Rule 2.2(d), Ala. R.Crim. P., as amended effective August 1,1997.”
Stoll v. State, 724 So.2d 90, 91-92 (Ala.Crim.App.1998).
In Stoll, this Court held that the complete absence of a formal charging instrument would deprive a circuit court of subject-matter jurisdiction to try a case, see 724 So.2d at 92 (“Although the record indicates that the state filed a solicitor’s complaint for a trial de novo in the circuit court, the complete absence in this case of a UTTC, the formal charging instrument, cannot be cured by the filing of the solicitor’s complaint”). Similarly, this Court has held that the absence of an indictment deprives a circuit court of subject-matter jurisdiction to try a case. See Ross v. State, 529 So.2d 1074, 1078 (Ala.Crim.App.1988) (“In the absence of an indictment or information upon which this prosecution should have begun, the trial court was without jurisdiction to render judgment. Woodham v. State, 28 Ala.App. 62, 178 So. 464 (1938). Thus, the judgment was null and void and of no force and effect. Id”).
This Court, however, has recognized that the principle announced in Ross was overruled by the Alabama Supreme Court’s decision in Ex parte Seymour, 946 So.2d 536 (Ala.2006). See Patton v. State, 964 So.2d 1247, 1249 (Ala.Crim.App.2007) (“Were Ex parte Looney [, 797 So.2d 427 (Ala.2001),] or Ross the latest statement of the law regarding jurisdiction, Patton’s contention that he has raised a jurisdictional claim that entitles him to relief may have been meritorious. However, neither Ex parte Looney nor Ross are the latest statement of the law.”). In Seymour, the Alabama Supreme Court held that “a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment.” 946 So.2d at 539.
Because a UTTC is “analogous to an indictment” and defects in a charging instrument do not deprive a circuit court of subject-matter jurisdiction to try a charged offense, defects in a UTTC do not deprive a circuit court of subject-matter jurisdiction to try a charged offense.
Recently, in State v. Simmons, 179 So.3d 249, 250 (Ala.2014), the Alabama Supreme Court reversed this Court’s decision that “the circuit court could not exercise jurisdiction over Simmons’s appeal for a trial de novo because the original charging instrument was not used to prosecute the case” in the circuit court. The Supreme Court explained:
*39 “In Ex parte Seymour, this Court established that a court’s subject-matter jurisdiction is determined by ‘whether the trial, court [has] the constitutional and statutory authority to tiy the offense’ with which a defendant has been charged. 946 So.2d at 538. Section 12-11-30(3), Ala.Code 1975, provides:
“ ‘The circuit court shall have- appellate jurisdiction of ... criminal ... cases in district court.... Appeals to the circuit court shall be tried de novo, with or without a jury, as provided by law.’
“In this case, Simmons, was convicted in the district court of a Class A misdemeanor. He appealed his conviction to the circuit court for a trial de novo. In accordance with § 12-11-30(3), Ala.Code 1975, and Ex parte Seymour, the circuit court had subject-matter jurisdiction over Simmons’s case.
“The decision of the Court of Criminal Appeals acknowledges Ex parte Seymour and does not appear to dispute the fact that the circuit court had subject-matter jurisdiction over Simmons’s case; rather that court asserts that ‘the filing of the proper charging instrument was required for the jurisdiction belonging to the circuit court to attach.’ 179 So.3d at 246 (emphasis added). In other words, according to the Court of Criminal Appeals, the circuit court’s jurisdiction in this particular case was not invoked because the original charging instrument used in the district court was not used in the circuit court to prosecute the case. In support of its assertion, the Court of Criminal Appeals cites State v. Thomas, 550 So.2d 1067, 1072 (Ala.1989).
“State v. Thomas, however, does not support the Court of Criminal Appeals’ decision that jurisdiction in the circuit court did not ‘attach’ in Simmons’s case....
“The facts and' circumstances in this case are clearly distinguishable from those in State v. Thomas. In State v. Thomas, no action had been initiated in the juvenile court with regard to the child for the juvenile court’s jurisdiction to attach; therefore, the juvenile court could not exercise its jurisdiction over the child’s mother. Here, an action had been initiated in the circuit court. After Simmons was convicted in the district .court, Simmons filed a notice of appeal for a trial de novo in the circuit court. As previously established, the circuit court has jurisdiction over appeals from the district court. Thus, unlike State v. Thomas, where no action was taken to commence a judicial proceeding for the juvenile court’s jurisdiction to attach, Simmons’s action of filing a notice of appeal of his district court conviction in the circuit court for a trial de. novo satisfied the statutory requirements for the circuit .court’s jurisdiction and the circuit court’s jurisdiction ‘attached’ to his case.
[[Image here]]
“Furthermore, in Ex parte Young, 611 So.2d 414, 415 (Ala.1992), this Court stated:
“ ‘[A] prosecuting attorney’s complaint is not the mechanism that confers upon the circuit court jurisdiction to proceed with a de novo appeal. The complaint is a statutory right of the accused that can be waived. Young [v. City of Hokes Bluff], 611 So.2d [401,] 405 [ (Ala.Crim.App.1992) ], Bowen, J., concurring and citing Moss v. State, 42 Ala. 546 (1868). Certainly, if the right to a complaint can be waived, then it is not the mechanism that confers subject matter jurisdic *40 tion on the circuit court in a de'novo appeal.’
“(Footnote omitted.)
[[Image here]]
“When Simmons filed ■ his notice of appeal for a trial.de novo in the circuit court, the circuit court’s jurisdiction over his appeal for a trial de novo ‘attached,’ and the fact that the case was not prosecuted using the original charging instrument from the district court did not affect the circuit court’s jurisdiction.”
State v. Simmons, 179 So.3d at 250-52.
Here, as in Simmons, Thomas was convicted in the district court and filed notices of appeal of his district-court convictions for trials de novo in the circuit court. Thomas’s appeals for trials de novo satisfied the statutory requirements for the circuit court to exercise subject-matter jurisdiction over the charged offenses. Thus, Thomas’s claim does not implicate the subject-matter jurisdiction of the circuit court -to try the charged offenses. The only question before this Court, therefore, is whether the UTTCs in this case satisfy the due-process requirements of informing Thomas of the charges against him.
“It is fundamental that ‘the accused has a constitutional right to be informed of the charges against him.’ Wilbourn v. State, 452 So.2d 915, 916 (Ala.Cr.App.1984). ‘The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical 'right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense.’ Summers v. State, 348 So.2d 1126, 1132 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). An instrument which purports to, but ‘fails to state an offense will not support a judgment of conviction.’ Barbee v. State, 417 So.2d 611, 614 (Ala.Cr.App.1982). The accused is entitled to ‘a plain, concise statement of the [charge] in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged.’ [Rule 13.2(a), Ala. R.Crim. P.].”
Corum v. City of Huntsville, 491 So.2d at 1092.
This Court, on several occasions, has set aside convictions and sentences because UTTCs have failed to sufficiently apprise the offender of the “nature and cause of the accusation against him.” For example, in Corum, a police officer issued a UTTC to Corum that
“allege[d] that Corum ‘[d]id unlawfully operate a motor vehicle within the city limits or police jurisdiction of Huntsville ... upon the following street, road or highway, at or near ... Hood Rd. & Cobb Dr. ... in violation of 14-2 ... Municipal Ordinance, more particularly described in the DESCRIPTION OF OFFENSE section below (See circle of description of offense).’
“The ‘DESCRIPTION OF OFFENSE’ section directed] the officer to ‘CIRCLE APPROPRIATE SQUARE.’ Squai'e ‘4,’ which charge[d] the offense of ‘DRIVING UNDER THE INFLUENCE OF ALCOHOL,’ [was] not circled or marked in any manner. In spaces provided next to the word ‘ALCOHOL,’ the officer made two notations: ‘TEST TYPE 2,’ and ‘BAC .216%.’ ”
491 So.2d at 1091-92 (emphasis added). This Court, relying on its decision in Smith v. State, 435 So.2d 158 (Ala.Crim.App.1983), concluded that the police officer’s “notation of ‘BAC .216%’ [was] insufficient to inform [Corum] that he was *41 being charged with driving under the influence of alcohol.” Corum, 491 So.2d at 1092. This Court then held that the UTTC purporting to charge Corum with DUI was “void and fatally defective” because it “fail[ed] to inform [Corum] ‘of the nature and cause of the accusation against him.’ Jefferson v. City of Birmingham, 399 So.2d 932, 933 (Ala.Cr.App.1981).” Corum, 491 So.2d at 1093.
“In Smith v. State, 435 So.2d 158 (Ala.Crim.App.1983), this Court reversed Smith’s conviction for driving under the influence of alcohol because the information charging Smith with driving under the influence of alcohol was ‘void.’ In reaching this conclusion, this Court found:
“ ‘The information charged that the defendant “did commit the offense of Driving Under the Influence in violation of Section 32-5A-191 of the Code of Alabama.” The information is fatally defective because it does not specify whether the defendant was driving under the influence of alcohol (Section 32-5A-191(a)(2)[) ], under the influence of a controlled substance (Section 32 — 5A—191 (a)(3)[)), or under the combined influence of alcohol and a controlled substance (Section 32-5A-191(a)(4)[) ]. The information did not allege a criminal offense in that it failed to describe any offense condemned by Section 32-5A-191.’
“435 So.2d at 158.
“This Court, in Bishop v. State, 555 So.2d 317, 318 (Ala.Crim.App.1989), reversed a conviction for driving under the influence for ‘being in actual physical control of a vehicle while there was .10% or more by weight of alcohol in [Bishop’s] blood’ and held that an information charging Bishop with driving under the influence was void because ‘the information did not charge this offense, or any other offense.’ (Emphasis in original.) Specifically, this Court found that ‘[t]he information charged that Bishop “did commit the offense of [driving under the influence] in violation of 32-5A-191A1 of the Code of Alabama[,”]’ and relying on our decision in Smith, supra, held that, although
“ ‘[§ ] 32-5A-191(a)(l) does cover the offense of driving or being in actual physical control of a vehicle while “[t]here is 0.10 percent or more by weight of alcohol in [one’s] blood[,]”.... the mere reference to this particular subsection was clearly not sufficient to apprise Bishop of the specific offense with which he was charged.’
“Bishop, 555 So.2d at 318.”
State v. Keith, 140 So.3d 969, 970-71 (Ala.Crim.App.2013) (footnote omitted).
In State v. Keith, however, this Court reversed the circuit court’s decision to grant Keith’s motion to dismiss and held that the UTTC charging Keith with DUI was sufficient to apprise him of the nature of the accusation against him. Specifically, in Keith,
“the UTTC under which Keith was charged provided that Keith
“ ‘[d]id unlawfully operate a motor vehicle or other vehicle at or near CR-39 within the County of Autauga at or near CR-39 ALT in violation of Section 32-5A-191(A)l/2 (Code of Alabama, 1975) duly adopted and in force at the time the offense was committed more particularly described as:
“ ‘Did drive or be in actual physical control of a vehicle while there was 0.08% or more by weight of alcohol in his/her blood and/or while under the influence of alcohol.’ ”
140 So.3d at 972 (emphasis omitted). In reversing the circuit court’s decision to *42 grant Keith’s motion to dismiss, this Court recognized the well settled principle. that “when a charging instrument tracks the language of a particular Code section it is sufficient to put the accused on notice of the charges against him. See Sandlin v. State, 575 So.2d 1221 (Ala.Crim.App.1990).” Keith, 140 So.3d at 971. This Court held that “the UTTC clearly tracked the language of both §. 32-5A-191(a)(1) and (a)(2), Ala.Code 1975, and was sufficient to advise Keith of the offense for which he was being charged. See Sandlin, supra.” Keith, 140 So.3d at 972 (footnote omitted).
Thus, although the holdings in Co-rum, Smith, and Bishop establish that a charging instrument that alleges only that a defendant “committed the offense of driving under the influence” and generally cites to' § 32-5A-191, Ala.Code 1975, and a charging instrument that cites only to a specific section of § 32-5A-191, Ala.Code 1975, without more, is insufficient to advise a defendant of the offense for which he is being charged, Keith holds that a UTTC that sufficiently tracks the language of a statute is sufficient to advise a defendant of the offense for which he is being charged.
Here, although Thomas correctly argues that the UTTCs at issue in this case do not cite a specific Code section that has been violated, neither Corum, Smith, nor Bishop stand for the proposition that the failure to cite a specific Code section is fatal to a charging instrument. In fact, this Court has consistently held that a charging instrument is sufficient if it conveys the meaning of a statute despite the failure to cite the statute — a holding consistent with this Court’s holding in Keith. See Whitt v. State, 827 So.2d 869, 877 (Ala.Crim.App.2001) (“ ‘ “Where an indictment contains language which conveys the meaning of a statute, see § 15-8-21, Code of Alabama (1975), the violation of a code section may be satisfactorily , charged despite the failure to cite the statute.”’ Raper v. State, 584 So.2d 544, 548 (Ala.Crim.App.1991) (quoting Carroll v. City of Huntsville, 505 So.2d 389, 391 (Ala.Crim.App.1987)).”). Thus, a UTTC that conveys the meaning of a charged statute is sufficient to apprise an offender of the offense for which he is being charged even if the UTTC fails to specifically cite a statute.
The UTTCs in this case charging Thomas with DUI and running a red light, although they do not cite specific Code sections, sufficiently track the language of the charged statutes, and are, therefore, sufficient to advise Thomas of the offenses for which he is being charged.
Section 32-5A-191, Ala.Code 1975, sets out the offense of driving under the influence as follows:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
“(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
“(2) Under the influence of alcohol;
“(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
“(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
“(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.”
(Emphasis added.) Additionally, § 32-5A-32(3)a,, Ala.Code 1975, sets out the offense of running a red light as follows:
“Whenever traffic is controlled by traffic-control signals exhibiting differ *43 ent colored lights, or colored lighted arrows, successively one at a time or in combination, only the colors green, red, and yellow shall be used, except for special pedestrian signals carrying a word or symbol legend, and the lights shall indicate and apply to drivers of vehicles and pedestrians as follows: .
[[Image here]]
“(3) Steady red indication:
“a. Vehicular traffic facing a steady circular red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering' the intersection and shall remain standing until an indication to proceed is shown except as provided in subdivision (3)b. [an' exception not applicable here].”
(Emphasis added.)
Here, the UTTC charging Thomas with DUI, after setting out Thomas’s name, address, and identifying information, provides as follows:
[[Image here]]
“CHECK THE APPROPRIATE BLOCK:
[[Image here]]
“DID DRIVE OR BE IN ACTUAL PHYSICAL CONTROL OF A VEHICLE WHILE:
[[Image here]]
“ 3 Under the Influence of Alcohol.”[1]
Additionally, the UTTC charging Thomas with running a red light, after setting out Thomas’s name, address, and identifying information, provides as follows:
[[Image here]]
“CHECK THE . APPROPRIATE BLOCK;
[[Image here]]
“ 3 Running a Red Light.”
Clearly, the UTTC charging Thomas with DUI tracked the statutory language of § 32-5A-191(a)(2), Ala.Code 1975, by explaining that Thomas was driving or was in actual physical control of a vehicle while under the influence of alcohol, and the UTTC charging Thomas with running a red light tracked the statutory language of § 32-5A-32, Ala.Code 1975, by explaining that Thomas ran a red light, and, thus, did not “stop” for a “steady circular red signal.” Thus, the UTTCs charging Thomas with DUI and running a red light clearly apprised Thomas of the offenses for which he was charged.
*44 The UTTC charging Thomas with reckless driving, although not as clear as the DUI and running-a-red-light UTTCs, nevertheless sufficiently apprised Thomas of the offense for which he was being charged.
Section 32-5A-190(a), Ala.Code 1975, sets out the offense of reckless driving as follows:
“Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.”
The UTTC charging Thomas with reckless driving, after setting out Thomas’s name, address, and identifying information, provides as follows:
[[Image here]]
“CHECK THE APPROPRIATE BLOCK:
[[Image here]]
“ [x] Reckless Driving.”
The indication in the UTTC that Thomas was being charged with “Reckless Driving” does not specifically set out that Thomas drove either “carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property.” § 32-5A-190(a), Ala. Code 1975. Even so,
“[t]he terms ‘reckless,’ and “without due caution and circumspection’ are synonymous. Actually, to a layman the term ‘reckless’ is probably of clearer import than the phrase ‘without due caution and circumspection,’ in so far as informing him of what he is called upon to defend.”
Kirk v. State, 35 Ala.App. 405, 407, 47 So.2d 283, 285 (1950). Thus, cheeking the box for the phrase “reckless driving” in the UTTC was sufficient to apprise Thomas of the offense for which he was being charged and called upon to defend. “Had [Thomas] felt that additional details concerning the alleged offense were needed, he could have made a motion for a more definite statement. See Rule 13.2(e), Ala. R.Crim. P.” A.L.L. v. State, 42 So.3d 146, 150 (Ala.2009).

Conclusion

Because the UTTCs charging Thomas with DUI, reckless driving, and running a red light are sufficient to apprise Thomas of the offenses for which he is charged, the circuit court erred when it granted Thomas’s motion to dismiss. Accordingly, the judgment of the circuit co.urt is reversed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. The three UTTCs at issue in this case are boilerplate forms, specifically, FORM UTC-1. This form requires the issuing law-enforcement officer to handwrite certain sections as well as "check-the-box” for certain items, The quoted portions of the UTTCs in this case indicate checked boxes with an "X,” empty boxes and blank handwritten sections with a -and filled-in, handwritten portions with underlining,